**In re Charles J. GRANBERG and Joanne M. Granberg, d/b/a Diamond Lake Top Shop, and d/b/a G.M.S. Sales & Promotion, Incorporated, Debtor.**

**Judith L. PAHLKE and Kenneth G. Kowalchyk, Plaintiffs,**

v.

**Charles J. GRANBERG and Joanne M. Granberg, Defendants.**

**Bankruptcy No. 81 B 11616. Adv. No. 81 A 4055.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 5, 1984.

Donald H. Geiger, Waukegan, Ill., for plaintiffs.

Jacobs & Clark, Ltd., Antioch, Ill., for debtor.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of Plaintiffs, JUDITH L. PAHKLE and KENNETH G. KOWAL-CHYK, Creditors of the above named Debtors, to determine the dischargeability of debts claimed to be nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code, and upon Debtors' Motion to Dismiss said Complaint, and the parties appearing by their respective attorneys, and

The Court having examined the pleadings filed in this matter, and having heard argument of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. The parties in this matter were involved in an automobile collision on September 2, 1981, which collision gave rise to Plaintiffs' claims against Debtors for property damage and personal injuries.

2. Thereafter, on September 21, 1981, Debtor's filed their joint petition for relief under chapter 7 of the Bankruptcy Code.

3. On December 11, 1981, Plaintiffs timely instituted this proceeding to determine the dischargeability of the debts owed to Plaintiffs arising out of the September 2, 1981 collision. In their Complaint, Plaintiffs state that the accident was caused by Debtor JOANNE M. GRANBERG, who is alleged to have been driving while under the influence of intoxicating liquor. Plaintiffs' claim against Debtor CHARLES GRANBERG is based upon an allegation that he permitted JOANNE GRANBERG to operate his vehicle with knowledge that she was intoxicated.

4. Plaintiff KOWALCHYK claims that he incurred $1,000.00 in damage to his car as a result of the accident. Plaintiff PAHLKE claims to have sustained $15,-000.00 in personal injuries as a result of the collision. It is Plaintiffs' contention that the alleged debts are nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. In addition to a determination of nondischargeability, Plaintiffs request that the Court liquidate their claims or permit Plaintiffs to file and maintain a separate state court action for that purpose.

5. Debtors have moved to dismiss Plaintiffs' Complaint, contending that it fails to state a claim upon which relief can be granted. Bankruptcy Rule 712(b).

The Court Concludes and Further Finds:

1. The obligation of the Court on a motion to dismiss is to examine the pleadings in a light most favorable to the non-movants, taking their well-pleaded allegations as true, and the motion should not be granted unless it clearly appears that the plaintiffs can prove no set of facts under their pleadings which would entitle them to their requested relief. *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir. 1977); *McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185, 1189 (N.D.Ill.1982). The above rule does not require, however, that the parties proceed to trial where the cause of action alleged is substantively deficient. *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir.1980). Here, the Court concludes that Plaintiffs' Complaint is fatally deficient, and Debtors' Motion to Dismiss the Complaint will be granted.

2. Section 523(a) of the Bankruptcy Code provides in relevant part as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

. . . . .

Under the predecessor provision, § 17a(8) of the Bankruptcy Act of 1898, an act done in reckless disregard of the rights of others was held to be "willful and malicious" within the purview of the statute. Under the "reckless disregard" standard, liabilities for injuries caused by driving while intoxicated were generally held to be nondischargeable. The legislative history indicates, however, that in enacting § 523(a)(6), Congress intended that a more restrictive interpretation of the phrase "willful and malicious" apply:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320–6321. Under this stricter standard, a liability for injuries resulting from driving under the influence of alcohol will only be nondischargeable where the surrounding circumstances are so egregious as to warrant a finding of the requisite intent. *See, e.g., In re Cloutier*, 33 B.R. 18 (Bankr.D.Me.1983).

3. The allegations of Plaintiffs' Complaint in this matter are insufficient to state a claim under § 523(a)(6) of the Bankruptcy Code. The essence of that Complaint is that the injuries suffered by Plaintiffs were proximately caused by Debtor JOANNE GRANBERG'S intoxication. A pleading in this form might suffice to charge Debtors with reckless or grossly reckless conduct. It does not suffice to charge Debtors with willful and malicious conduct within the purview of the statute. Absent an express allegation of malice, or the pleading of facts which, if proved, would amount to willful or malicious conduct on the part of Debtors, this Complaint must be dismissed. In exercise of this Court's discretion, however, Plaintiffs will be granted leave to file an amended complaint within thirty days following of the entry of this order. *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center*, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Debtors' Motion to Dismiss the Complaint be, and the same is hereby allowed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Complaint of JUDITH L. PAHKLE and KENNETH G. KOWALCHYK, Creditors of the above named Debtors, to determine the dischargeability of debts claimed to be nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code be, and the same is hereby dismissed, with leave to file an amended complaint within thirty days following the entry of this order.

IT IS FURTHER ORDERED that a status hearing on this cause be, and the same is hereby set for April 27, 1984 at the hour of 1:00 p.m., Courtroom C–101, Lake County Courthouse, 18 North County Street, Waukegan, Illinois.