In re Jon ALEXANDER, Annette Alexander, Debtors.

Brian HAGEN, Plaintiff,

v.

Jon ALEXANDER and Annette Alexander, Central Bank and Trust of Marshfield, Wi, and Wayne Kuhl, d/b/a Kuhl Farms, Defendants.

Bankruptcy No. WF7–83–00942.
Adv. No. 83–0219–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Sept. 13, 1984.

Alan J. Strohschein (Stoltz Law Office) Columbus, Wis., for plaintiff.

Robert G. Craig (Zappen, Meissner, Oestreicher, Craig & Hayden), Marshfield, Wis., for debtors.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DISMISSING COMPLAINT

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Brian Hagen, by Stoltz Law Office, having filed a Complaint to Determine Dischargeability of Debt and Debtors; and Jon and Annette Alexander, by Zappen, Meissner, Oestreicher, Craig & Hayden, having filed an Answer; and a trial having been held; and the Plaintiff appearing in person and by Attorney Alan J. Strohschein; and the Debtors appearing in person and by Robert G. Craig; the Court, being fully advised in the premises, FINDS THAT:

1. On June 9, 1983, Debtor-Defendants Annette and Jon Alexander filed for relief under Chapter 7 of the Bankruptcy Code.

2. On September 12, 1983, Plaintiff Brian Hagen, Annette's father, filed a Complaint to Determine Dischargeability of Debt and Debtors under 11 U.S.C. secs. 523(a)(6), 727(a)(2) & 727(a)(5).

3. Evidence at trial concerned certain cattle which were either given, as calves, to Annette in 1977 (according to the Debtors) or loaned, as cows, to both Debtors in 1979 or 1980 (according to the Plaintiff). Both the Plaintiff and the Debtors introduced persuasive evidence to support their respective theories of the facts of this case.

4. For at least two years prior to January 20, 1982, the Debtors lived with the Plaintiff on the Plaintiff's farm. During this period the Debtors began a dairy operation alongside the Plaintiff's existing dairy operation. The Plaintiff provided most of the supplies necessary for the Debtors' fledgling business.

5. In November of 1981, in the face of a deteriorating domestic situation, the Plaintiff and Debtor Jon Alexander signed an Agreement which purported to establish that Jon owed the Plaintiff $21,770 (for hay and corn received), eight heifer calves and certain proceeds from a sale of corn. The agreement further provided that Jon's cows would remain on the Hagen farm until a further agreement was reached.

6. On January 20, 1982, the Debtors vacated the Hagen farm, taking their dairy herd—including the contested cows—with them.

7. On the same day Jon and the Plaintiff signed a corrected copy of the November Agreement.

8. The Plaintiff testified that he permitted the Debtors to remove their herd in reliance upon the November agreement, a milk assignment executed by Jon and the promise of $7,000 from a representative of the Central Bank & Trust of Marshfield, Wisconsin.

9. The Plaintiff testified that Jon had not complied with any of the provisions of the November Agreement, that the milk assignment had been cancelled before any payments were made, and that he received no monies from Central Bank.

10. On February 11, 1982, the Plaintiff commenced a Wisconsin state court action against Jon. *Hagen v. Alexander*, 82–CV–58 (Dodge County Circuit Court). The state suit was based upon the November Agreement and the events set forth in Paragraphs 8 and 9 of this Decision. Relief requested included $33,730 and a security interest in Jon's personal property. No specific demand was made for the contested cattle.

11. At all times after January 20, 1982, the Debtors exercised exclusive possession, dominion and control of their dairy herd.

12. The Debtors satisfactorily accounted for the contested cattle.

13. No evidence was adduced at trial regarding any fluctuations in the size of the Debtors' dairy herd.

14. The Plaintiff is listed on Schedule A–3 of the Debtors' bankruptcy petition as an unsecured creditor with a disputed claim of $33,730 for feed, barn rental, living quarters, grain and silage.

### Discussion

15. *Section 523(a)(6).* Under 11 U.S.C. sec. 523(a)(6), any debt *"for* willful and malicious injury by the debtor" is not dischargeable (emphasis added).

■ The objecting party has the burden of proving an exception to discharge with clear and convincing evidence. *In re Brink*, 27 B.R. 377, 378 (Bankr.W.D.Wis. 1983).

16. The Debtors' disputed debt to the Plaintiff was for items allegedly received by the Debtors during the ordinary course of their stay at the Plaintiff's farm—not for any willful and malicious injury.

■ 17. The Plaintiff has not clearly and convincingly shown that the contested cattle were loaned, rather than given, to the Debtors. Accordingly, this Court cannot find that the removal of the cattle was

a willful and malicious injury which created a non-dischargeable debt.

18. *Section 727(a)(2)*. Under 11 U.S.C. sec. 727(a)(2), the court must grant a discharge unless "the debtor, with intent to hinder, delay or defraud a creditor ... has transferred [or] removed ... property of the debtor within one year ..."

19. The evidence at trial primarily concerned events which occurred more than one year before the Debtors' June 9, 1983, bankruptcy petition.

20. All of the evidence regarding the Debtors' management of the contested cattle after June 9, 1982, showed that any transfers were in the ordinary course of their dairy business.

21. *Section 727(a)(5)*. Under 11 U.S.C. sec. 727(a)(5), the court must grant a discharge unless the debtor has failed to satisfactorily explain any deficiency of assets to meet the debtor's liabilities. "Section 727(a)(5) appeared in the former Bankruptcy Act as Section 14c(7) [11 U.S.C. sec. 32(c)(7) (1976) (repealed)]." 4 L.King, *Collier on Bankruptcy* para. 727.08 (15th ed. 1984).

 22. The party objecting to discharge must show more than bankruptcy itself. *See In re Horowitz*, 92 F.2d 632, 633 (7th Cir.1937) (under former Bankruptcy Act sec. 14c(7): proof insufficient when there is no direct evidence of concealment or of deficiency caused by illegal acts).

23. The Plaintiff adduced no evidence at trial to suggest that the Debtors' losses arose outside of the ordinary course of their dairy business.

24. *Attorneys fees*. Under 11 U.S.C. sec. 523(d), a debtor prevailing in a dischargeability of consumer debt action is awarded reasonable attorney's fees, unless such an award would be clearly inequitable.

25. As the debt in question was not incurred primarily for personal, family or household purposes, Section 523(d) does not apply. *See* 11 U.S.C. sec. 101(7) ("consumer debt" defined).

## CONCLUSIONS OF LAW

1. The Plaintiff has not presented clear and convincing evidence that he is owed a debt which is non-dischargeable under 11 U.S.C. sec. 523(a)(6).

2. There is no evidence that the Debtors, within one year of their bankruptcy petition, transferred property with an intent to hinder, delay or defraud a creditor.

3. There is no evidence that the Debtors' deficiency of assets to meet their liabilities required a satisfactory explanation.

## ORDER

IT IS ORDERED THAT the Complaint to Determine Dischargeability of Debt and Debtors be, and the same hereby is, DISMISSED, without costs.