**In re Kim Marie CLEMENTI, Debtor.**

**PEOPLES CREDIT UNION, Plaintiff,**

**v.**

**Kim Marie CLEMENTI, Defendant.**

**Bankruptcy No. 85–00046.**
**Adv. No. 85–0149.**

United States Bankruptcy Court, E.D. Wisconsin.

May 24, 1985.

**168**

Mark J. Brunner, Milwaukee, Wis., and Paul Burkhardt, for plaintiff.

Kim Marie Clementi, pro se.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

This nondischargeability action involves a 1984 Honda 200S ATC "three wheeler", having a present value of about $1,200, which was purchased by the debtor, Kim Marie Clementi, on or about December 28, 1983. Miss Clementi financed the purchase with a loan from the plaintiff, Peoples Credit Union, and gave the plaintiff a security interest in the Honda. The debtor filed a petition under chapter 7 of the Bankruptcy Code on January 8, 1985, and on March 28, 1985, the credit union commenced this adversary proceeding asking that its claim against the debtor be declared nondischargeable, citing Sections 523(a)(2)(A) and 523(a)(6) of the Code.[1]

Trial was held on May 24, 1985. The plaintiff appeared by its attorney, Mark J. Brunner, and its president, Paul Burkhardt, and the defendant debtor appeared in person and with a friend, William Weidner. Testimony was given by Mr. Burkhardt, Miss Clementi, and Mr. Weidner, all of whom were credible witnesses.

The debtor, then living with her parents in the city of Cudahy and perhaps about 19 years of age, testified that the Honda could not have been used to any extent in the city, and that her parents would not have let her keep it at their home in any event. Accordingly, she left it with an acquain-

---

1. § 523(a)(2)(A). Obtaining money or property by false pretenses or false representations

   § 523(a)(6). Willful and malicious injury by the debtor to another or the property of another. The phrase "willful and malicious injury" covers a willful and malicious conversion.

tance, one Jeffrey Borchardt, who lived in a rural setting in the southern part of Milwaukee where the Honda, an off-road vehicle, might more readily be used.

■ The plaintiff contends that her doing so made her signature on the loan documents a false representation, in that one of the loan provisions required that the Honda be kept at her residence, and that she had failed to keep it there. She testified, however, that she was unaware of this provision in the contract, and there was no evidence that she knew of it. Proceedings under § 523(a)(2) sound in fraud, and thus require proof by clear and convincing evidence. *In re DeRosa*, 20 B.R. 307 (Bk.S.D.N.Y.1982), citing numerous authorities. The proof falls far short of that which would be needed to render the debt nondischargeable—that is, a showing that she lied about where she was going to keep the machine and that she did so for the purpose of obtaining the loan.

The plaintiff also contends that her failure to keep the machine in her possession or to return it constitutes a conversion of the property, contrary to § 523(a)(6) of the Code. As noted above, the debtor left the Honda with an acquaintance, Jeffrey Borchardt, a young man living at home with his parents. Later on, she tried to get the Honda back from Borchardt, but he refused to return it. Despite the debtor's efforts to have the machine returned to her, including pleading with Borchardt, reporting his refusal to return it to the local police authorities, and even going to the extent of hiring a private detective, she was unsuccessful in getting it back. Eventually, Borchardt told her that he had sold it for $400 and had used the money to file bankruptcy.[2]

■ The debtor's failure to maintain possession of the Honda at her own address was clearly a breach of contract, and the sequence of events which followed has of course deprived the plaintiff of its collateral. Breach of contract, however, is not

the issue in this case. As is necessary to render the plaintiff's claim nondischargeable, plaintiff here alleges *tortious* conduct. It must be shown that the debtor's acts constituted a "willful and malicious injury" to the plaintiff or its property. 'Willful' does not require hatred or ill will toward the victim, but it does require a showing that the debtor knows that an injury will be caused to the plaintiff and nevertheless proceeds in the face of this knowledge to carry out the actions that will cause the injury." *In re Donny*, 19 B.R. 354 (Bk W.D.Wi.1982).

■ In this case, there is no proof whatsoever that she ever intended to deprive the plaintiff of its collateral. She undoubtedly exercised poor judgment in leaving the Honda with Borchardt, but she did not anticipate his actions in refusing to return the Honda, and when he did, she did her best to get it back. Certainly, it has not been shown that she knew much less intended that leaving the Honda with Borchardt would cause an injury to the plaintiff.

---

**2.** This representation appears to have been false. The clerk's office advises that no bank-ruptcy case has been filed under the name of Jeffrey Borchardt.