### In re Marilyn Anne PHILLIPPS, Debtor.

### James G. MAGEE and Martha M. Magee, Plaintiffs,

v.

### Marilyn Anne PHILLIPPS, Defendant.

Adv. No. 84–C–1026. Bankruptcy No. 83–B–02516–G.

United States Bankruptcy Court, D. Colorado.

Sept. 18, 1985.

Alan W. Stevenson, Denver, Colo., for plaintiffs.

Lee M. Kutner, Denver, Colo., for defendant.

FINDINGS, CONCLUSIONS AND OR-
    DER ON COMPLAINT TO DETER-
    MINE DISCHARGEABILITY OF
    DEBT

PATRICIA ANN CLÀRK, Bankruptcy Judge.

The matter before this Court is a complaint to determine dischargeability of a

debt brought by the plaintiffs, James G. Magee and Martha M. Magee, against the debtor, Marilyn Anne Phillipps. A trial was held on Friday, September 13, 1985. At the conclusion of the plaintiffs' case the Court granted the debtor's motion to dismiss Count I of the plaintiffs' complaint, which was an objection to discharge under 11 U.S.C. § 727. The reasons for such dismissal were stated of record. Additional evidence was taken on Count II, seeking a determination of dischargeability pursuant to 11 U.S.C. §§ 523(a)(4) and (6), at the conclusion of which the matter was taken under advisement and will be dealt with herein.

The debt in controversy is attributable to damages incurred to a residence located at 2928 Olympia Circle, Evergreen, Colorado. The debtor resided at this home with her husband, Michael Phillipps, until some time in May of 1983 when financial difficulties forced them to relocate to a rental unit in Conifer, Colorado. The plaintiffs had obtained a deed of trust on the Evergreen property in 1979 as collateral for a loan they made to the debtor. The plaintiffs were not the only lien holders however, and some time in early 1983, Jefferson Industrial Bank, a holder of a deed of trust having priority over the plaintiffs' deed of trust, commenced foreclosure proceedings. The Evergreen property was subsequently sold by the public trustee and the debtor's exemption period was set to expire on June 6, 1983. On the eve of the expiration of the exemption period the debtor filed a petition under Chapter 13 of the Bankruptcy Code, thereby staving off the completion of the foreclosure.

The debtor's amended Chapter 13 plan provided for the debtor to retain her ownership interest in the Evergreen property until January 1, 1984 so that the property could be either sold or refinanced. It provided in pertinent part:

Class Three—the allowed secured claims shall be dealt with as follows: All of the Debtor's secured creditors are secured by real estate known as 2928 Olympia Circle, Evergreen, Colorado and Lot 160, Filing 3, Soda Creed, Colorado. The value of each parcel of real property exceeds the total amount of claims encumbering each such parcel. Both parcels of property shall be sold by the Debtor or refinanced on or before January 1, 1984 and each secured claim shall be satisfied in full by that date. All of said secured creditors shall be paid outside of the plan. In the event that the real property is neither sold nor refinanced on or before January 1, 1984 each secured creditor in this class shall have relief from any applicable bankruptcy stay and may proceed with foreclosing of their respective liens in state court.

After the debtor was unable to sell or refinance the property by January 1, 1984, the plaintiffs redeemed the property from the public trustee's sale and a public trustee's deed was issued dated January 30, 1984.

The plaintiffs assert that two separate courses of action have given rise to the debt they seek to be determined as non-dischargeable under 11 U.S.C. § 523. First, they allege that the debtor unlawfully removed various fixtures and appliances in November, 1983 and this gives rise to a non-dischargeable debt for larceny or conversion. Second, they allege that the debtor abandoned the property without making any arrangements to maintain and protect it. As a result, water pipes froze and then burst, causing damage to carpeting, dry wall, toilet fixtures, wall tiles and floor tiles. Hence the damages incurred repairing and replacing the aforementioned items are non-dischargeable because, according to the plaintiffs, they constitute a willful and malicious injury to property.

To begin with, the appliances and fixtures allegedly removed by the debtor included a refrigerator, microwave oven, Jen-Air oven, dishwasher, light fixtures and a ladder installed with nails. Consequently, the first issue this Court needs to address is which, if any, of these items are improvements or fixtures that, as part of the realty, may not be lawfully removed. *See* Section 38–38–103, C.R.S. The Colora-

do Supreme Court, in *Andrews v. Williams*, 115 Colo. 478, 173 P.2d 882 (1946) stated:

There are no fixed and universal tests, by application of which the status of improvements as fixtures can be determined. There are, however, certain recognized guides ·for determination, such as the nature and character of the thing annexed, the manner of annexation and resultant injury by its removal, the intent of the party in making the annexation, the purpose of annexation, the adaptability of the thing attached, to the use of the land, and the relation of the party making it, to the freehold.

In the present matter there was testimony that established that neither the refrigerator nor the microwave oven were attached to the premises except by a plug into an electrical socket. Since the manner of annexation was not permanent and the removal caused no injury, it is apparent that these two items were not intended to be fixtures. As a result, they cannot be characterized as part of the real property and their removal does not constitute conversion.

■ In contrast, the testimony concerning the Jen-Air oven and the dishwasher indicated they were attached to the realty, and as such, might constitute fixtures. However, the evidence established that Michael Phillipps was solely responsible for their removal from the Evergreen property. Apparently the refrigerator and microwave were moved when the debtor relocated in May, as distinguished from the removal of the oven and dishwasher which Mr. Phillipps removed some time in November. Hence the damages arising from the plaintiffs' replacing these items are not attributable to the debtor but may give rise to a separate cause of action against Mr. Phillipps.

■ Finally, although the plaintiffs bear the burden of proof in a complaint to determine dischargeability, once a *prima facie* case is established, the debtor must come forward with evidence opposing the asserted complaint. Here the debtor did not refute, in any manner, the plaintiffs' evidence that she was responsible for removing the ladder and various light fixtures. The ladder was firmly attached to the realty and light fixtures are generally intended to be permanently affixed to the realty. Consequently they may be characterized as fixtures. As part of the real property, the debtor's unlawful removal of these items constitutes conversion, and not larceny, and therefore creates a debt that is not dischargeable under 11 U.S.C. § 523(a)(6). This debt includes $100 for the replacement of the ladder and $691.92 for replacement of the light fixtures.

■ The second area that the plaintiffs claim gives rise to a non-dischargeable debt is the damages resulting from the burst water pipes. The·debtor argues that her ownership interest, and concomitant responsibility for the property, terminated at the latest, on August 6, 1983. She bases this calculation on the premise that under the Bankruptcy Code, the filing of a bankruptcy petition extends the redemption period by 60 days. Since her right to redeem was due to expire on June 6, 1983, and 60 days from that date is August 6, the debtor argues she is not liable for any damages which occurred subsequent to this date. The debtor neglects to take into account that her amended Chapter 13 plan provided that she would maintain her interest in the property until January 1, 1984. Since the secured creditors were effectively barred from interfering with the debtor's efforts to sell or refinance the property until January 1, the debtor must be charged with sole responsibility for its maintenance during this interim.

■ Despite the fact that the water damage began to occur in November, 1983, and the debtor's failure to maintain the premises may be said to constitute gross negligence, such conduct does not rise to the level of "willful and malicious injury" contemplated under 11 U.S.C. § 523(a)(6). Although some courts applied a "reckless disregard" standard under the comparable section of the Bankruptcy Act (Section

17(a)(8)), the legislative history underlying Section 523(a)(6) indicates that Congress intended a stricter standard apply.

> Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (190[4]), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 362–65 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320–21. This standard has been adopted by the Tenth Circuit Court of Appeals. In the case, *In re Compos*, 768 F.2d 1155 (10th Cir.1985), the court stated:

> We hold that the legislative history of § 523(a)(6) of the Code expressly establishes Congress's intent to render obsolete *Tinker* and its progeny and to make the "reckless disregard" standard applied by some courts under the Act inapplicable under § 523(a)(6) of the Code. In short, it was the express intent of Congress to define "willful" for purposes of § 523(a)(6) to mean "deliberate or intentional."

█ Here, the debtor and her husband were beset with financial woes that ultimately forced them to move out of their residence. Among the bills they neglected to pay were the utility bills. As a result, the heat was turned off, the water in the house froze, the pipes burst and damage to the house resulted. Certainly this cannot be characterized as deliberate or intentional injury. Therefore, since negligent conduct does not rise to the level of the "willful and malicious injury" contemplated under 11 U.S.C. § 523(a)(6), the debt attributable to water damages is dischargeable.

For the foregoing reasons it is ORDERED that the plaintiffs' complaint to determine dischargeability is denied with the exception of the debt of $791.92 which is attributable to replacement of the ladder and light fixtures.

FURTHER ORDERED that James G. Magee and Martha M. Magee shall have and recover from Marilyn Anne Phillipps the sum of $791.92 as a debt which is not affected by the order of discharge herein, and judgment shall enter therefor on the docket and a copy of such judgment shall be certified to the Clerk of the District Court.

FURTHER ORDERED that the parties shall have 10 days from the date this Order becomes final to file a written request for the withdrawal of all exhibits received in evidence, after which time the exhibits will be destroyed by the Clerk without further order of the Court.