**In re William Otto KAUFMANN, Debtor.**

**William and Daphne TAYLOR, Plaintiffs,**

**v.**

**William Otto KAUFMANN, Defendant.**

**Bankruptcy No. 84–03022.
Adv. No. 84–0450.**

United States Bankruptcy Court,
E.D. Wisconsin.

Feb. 7, 1986.

Robert W. Roth, Brookfield, Wis., for plaintiffs.

Donald W. Zautcke, Cedarburg, Wis., for debtor-defendant.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

This case was tried on October 22, 1985 upon the complaint of William and Daphne Taylor ("plaintiffs") seeking a determination that damages to their home resulting from certain work performed by the debtor, William Otto Kaufmann ("defendant"), be declared non-dischargeable pursuant to either § 523(a)(2)(A) or § 523(a)(6) of the Bankruptcy Code.[1]

## FACTS

On June 1, 1980, the parties to this action entered into a loosely drawn, handwritten document prepared by the defendant in which it was agreed that the defendant would construct a second floor addition to the plaintiffs' home at 1817 Zedler Lane, Mequon, Wisconsin. This agreement was made after the plaintiffs had previously obtained several bids. The defendant had been referred to the plaintiffs by Robert Spiegel, a former neighbor of the plaintiffs and a former customer of the defendant. The home addition, consisting of 900 square feet and containing a bedroom, sit-

---

1. The relevant portions of §§ 523(a)(2)(A) and 523(a)(6) read:

§ 523(a) A discharge ... does not discharge an individual debtor from any debt—
(2) For money ... obtained by—

(A) False pretenses, false representations or actual fraud ...

....

(6) For willful and malicious injury by the debtor ... to the property of another entity.

ting room, bathroom and library, was constructed at an agreed price of $24,566. The defendant commenced work in September of 1980 and completed the job in December of 1980.

Approximately one month after construction started, water leaks began to appear. They have never been completely corrected, even though the job was fully paid for by the plaintiffs.[2]

The defendant has been in the home remodeling business since 1975. Before performing this particular project, he constructed approximately 40 other home additions without experiencing any major problems. Immediately prior to the signing of the agreement, the defendant stated to the plaintiffs, "I think I can do it and you will be satisfied." When the water leaks developed, he repeatedly told the plaintiffs, "I'll take care of it." After many telephone calls from the plaintiffs to the defendant complaining about the problems, the defendant arranged for various parties to inspect the premises in an attempt to cure the resulting problems. These efforts were only partially successful and never completely rectified the problems. Eventually, the defendant stopped responding to the plaintiffs' telephone calls, and on November 2, 1984, the defendant filed a voluntary petition in bankruptcy. In his bankruptcy schedules, the plaintiffs' claim was listed as a "claim for damages for work done in 1983 and 1984" in an "undetermined amount presently in excess of $10,000."

## DISCUSSION

■ Before analyzing each of the two alternative grounds alleged by the plaintiffs as a basis for declaring this debt nondischargeable, certain legal principles must be recognized. It is well settled that exceptions to the discharge of a debt are strictly construed against the creditor and liberally in favor of the debtor. *Gleason v.*

*Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). A person who seeks to establish an exception to the discharge of a debt in bankruptcy bears the burden of proof. *In re Bogstad,* 779 F.2d 370 (7th Cir.1985). Under both §§ 523(a)(2)(A) and 523(a)(6), the standard of proof is clear and convincing evidence. *In re Brink,* 27 B.R. 377, 378 (Bankr.W.D.Wis.1983); *In re DeRosa,* 20 B.R. 307 (Bankr.S.D.N.Y.1982); *In re Alexander,* 58 B.R. 160 (Bankr.W.D.Wis. 1984).

## THE § 523(a)(2)(A) EXCEPTION

■ For this exception to be established, all of the following elements must be proven by the plaintiffs:

1. The debtor made the representations.
2. At the time made, the debtor knew they were false.
3. The debtor made them with the intention and purpose of deceiving the creditor.
4. The creditor relied on such representations.
5. The creditor sustained the alleged loss and damages as a proximate result of the representations being made.

*In re DeRosa, supra; In re Vissers,* 21 B.R. 638 (Bankr.E.D.Wis.1982).

■ In applying these elements to the case at bar, it is clear that the second and third elements set forth above have not been proven. For these particular elements to be present, the plaintiffs had to show that when the parties entered into the agreement, the defendant knew he was incompetent to build this addition, that notwithstanding this knowledge, he represented to the plaintiffs that he could satisfactorily perform the work, and that he made this representation with the intent and purpose of deceiving the plaintiffs so that they would sign the contract. The facts do not demonstrate that this is what occurred.

---

**2.** Water leaks were found in numerous areas throughout the home including a wall of the first floor bedroom, the upstairs closet, the door ledge leading to the hallway, the ceiling over the upstairs bedroom and the ceiling over the upstairs bathroom. In August of 1981, water also began pouring through the ceiling over the foyer of the plaintiffs' home.

Instead, the court is persuaded that when the defendant entered into the agreement with the plaintiffs, he intended to complete this work satisfactorily and sincerely believed he could do so, but that during the course of construction, he encountered unanticipated problems which he was unable to resolve. It is a case of the defendant having bitten off more than he could chew. Because of the plaintiffs' inability to establish these two elements, it is not necessary for the court to consider the other prerequisite elements. Under these circumstances, the debt is not excepted from discharge under § 523(a)(2)(A).

## THE § 523(a)(6) EXCEPTION

 Both "willful" and "malicious" conduct by the defendant must be shown under this exception. The legislative history of § 523(a)(6) reveals that "willful" conduct means deliberate or intentional, as contrasted with inadvertent or negligent. It no longer encompasses the looser standard of "reckless disregard" as had been adopted in the pre-Code decision of *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904); *In re Compos*, 768 F.2d 1155 (10th Cir.1985). The plaintiffs submit that "willful" conduct under this exception only requires a showing that the defendant intended to construct the addition and that as a result of his negligent performance, damages resulted, even though the defendant did not know that this would happen. The court rejects this view and believes that "willful" conduct requires more within the meaning and import of § 523(a)(6). It requires the performance of an act with knowledge on the part of the actor that damage will result. *In re Donny*, 19 B.R. 354 (Bankr.W.D.Wis.1982); *In re Clementi*, 58 B.R. 167 (Bankr.E.D.Wis. 1985). In the *Clementi* case, Judge Dale E. Ihlenfeldt declared that although "willful" does not require hatred or ill will, it does require a showing that the defendant knows that an injury will be caused and nevertheless proceeds in the face of this knowledge to carry out the actions that will cause the injury. By utilizing this standard which requires knowledge that an injury will result, "willful" conduct is absent in this case. Although the defendant intended to construct the home addition, he never intended to perform the work with knowledge that water leaks would develop and cause damage to the plaintiffs' property.

The reason this court chooses not to accept the plaintiffs' definition of "willful" conduct is illustrated in *Cassidy v. Minihan*, 52 B.R. 947 (W.D.Mo.1985). In that case, the district court reversed the bankruptcy court which applied the standard suggested by the plaintiffs and declared:

> "Under the bankruptcy court's reasoning, a debtor who tossed a banana peel onto his sidewalk would be unable to discharge a debt owed to the Fuller Brush salesman who slipped and fell on the peel on Wednesday because the tossing of the peel was a voluntary act which unleased an unbroken causative chain which lead to the injury."

 Solely for purposes of argument, even if the plaintiffs' definition of "willful" conduct is adopted by the court, the § 523(a)(6) exception has still not been established. This is because the defendant's conduct was not "malicious," which is a separate and distinct requirement under this exception. "Malicious" conduct requires a finding of either intent to do harm (according to one line of cases) or conduct which is without just cause or excuse (according to another line of cases). See *In re Grace*, 22 B.R. 653 (Bankr.E.D.Wis.1982) which sets forth the legal authorities for both views. Neither of these alternative standards for "malicious" conduct exists in this case. Negligence alone will not suffice. In *In re Scharffe*, 40 B.R. 942 (Bankr.E.D.Mich.1984) at 945, the court asserted:

> "The Bankruptcy Code makes no special provision for the nondischargeability for damages caused by negligence."

See also *In re Oakes*, 24 B.R. 766 (Bankr. N.D.Ohio 1982); *In re Stanfield*, 14 B.R.

180 (Bankr.N.D.Ohio 1981); *In re Phillipps,* 54 B.R. 273 (Bankr.D.Colo.1985).

■ This court observed in *In re Grace, supra,* that it is not so much the particular standard which is adopted in determining whether or not the debt is discharged, but rather a careful analysis of the underlying facts of each particular case and the degree of culpability, if any, which is involved. The meaning of "malicious" is best left to the particular circumstances of each case. *In re Wolfington,* 47 B.R. 225 (Bankr.E.D. Penn.1985). What emerges from the instant case is a picture of a contractor who negligently but with good intentions undertook and then performed a job he thought he could handle but, after experiencing various problems, discovered that he was unable to undo the resulting damages. The facts do not create an aggravated set of circumstances rising to the level of willful and malicious injury, as contemplated by § 523(a)(6) and after recognizing the Bankruptcy Code's policy of providing an honest debtor with a fresh start.

### CONCLUSION

Based upon the foregoing, the debt due from the defendant to the plaintiffs does not fall within the exceptions under either § 523(a)(2)(A) or § 523(a)(6), and it is discharged.

This decision shall stand as and for findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.