In re Thomas TANEFF, Debtor.

Thomas TANEFF, Appellant,

v.

Michael L. HOEHN, Appellee.

No. 94–CV–797S.

United States District Court,
W.D. New York.

Jan. 3, 1996.

---

David R. Addelman, Buffalo, NY, for defendant-appellant.

Leonard F. Walentynowicz, Buffalo, NY, for plaintiff-appellee.

## DECISION AND ORDER

SKRETNY, District Judge.

### *INTRODUCTION*

Before this Court is an appeal by debtor Thomas Taneff ("Taneff"), defendant-appellant, from an order entered on September 30, 1994, in the United States Bankruptcy Court for the Western District of New York, by the Honorable Carl L. Bucki, United States Bankruptcy Judge.

Michael L. Hoehn ("Hoehn"), plaintiff-appellee, commenced an adversary proceeding against Taneff in bankruptcy court on June 14, 1993. He asserts two causes of action, predicated upon 11 U.S.C. § 523(a)(6) & (9), respectively, seeking an order from the bankruptcy court that Taneff is not entitled to a discharge of Hoehn's claim against him. Taneff moved for summary judgment on both causes of action. The bankruptcy court, in its order reported at *In re Taneff*, 172 B.R. 744 (Bankr.W.D.N.Y.1994), denied Taneff's motion for summary judgment as to Hoehn's first cause of action and granted Taneff's motion for summary judgment as to Hoehn's second cause of action. Taneff's motion for leave to appeal from that order was granted on December 20, 1994. This Court has jurisdiction pursuant to 28 U.S.C. § 158, which confers jurisdiction upon district courts to hear appeals, with leave of court, from interlocutory orders and decrees of bankruptcy judges.

Taneff asks this Court on appeal to reverse the order of the bankruptcy court with respect to the first cause of action and grant his motion for summary judgment. Taneff contends that the bankruptcy court erroneously found that Hoehn presented sufficient evidence of a willful and malicious injury within the meaning of § 523(a)(6) to withstand a motion for summary judgment.[1] Hoehn responds in opposition that the bankruptcy court correctly concluded that he proffered sufficiently probative evidence.[2] Oral argument on Taneff's appeal was heard February 21, 1995.

For the reasons set forth below, this Court will reverse the bankruptcy court's order with respect to the first cause of action and grant Taneff's motion for summary judgment.

### *BACKGROUND*

Debtor Thomas Taneff conducted a tavern business known as "The A–Lite" in Lackawanna, New York from July 3, 1991, through March 3, 1993. (Taneff Aff. ¶ 4.) Part of his business operations included the sale of alcoholic beverages. (Taneff Aff. ¶ 5.)

William G. Taylor performed in a musical group at The A–Lite on the evening of September 7, 1991, and early morning of September 8, 1991. At approximately 11:15 p.m. on September 7, 1991, he saw a person he believed to be James P. Verner purchase alcoholic beverages from Taneff's barmaids for himself and Arlene H. Chlosta. (Taylor Aff. ¶¶ 8–12.) Taneff does not specifically remember either selling or permitting alcoholic beverages to be sold to Verner on that date. (Taneff Aff. ¶ 7.) Taylor saw Verner and Chlosta leave The A–Lite at around 12:30 a.m. (Taylor Aff. ¶ 13.) Taylor later learned that Verner and Chlosta were in-

---

**1.** In support of his motion for summary judgment, Taneff submitted to the bankruptcy court a memorandum of law, an affidavit of Thomas Taneff ("Taneff Aff."), and a supplemental memorandum of law. In support of his appeal, Taneff has submitted a brief and a reply brief.

**2.** In opposition to defendant's motion for summary judgment, Hoehn submitted to the bankruptcy court a memorandum of law and the affidavit of William G. Taylor ("Taylor Aff."). In opposition to this appeal, Hoehn has submitted a brief.

volved in a head-on automobile collision after they left the bar with Hoehn and his wife, Beth Ann Hoehn. Verner, Chlosta, and Beth Ann Hoehn did not survive. (Taylor Aff. ¶ 14.)

Plaintiff Michael Hoehn, who was seriously injured in the collision, initiated an action against Taneff and others in New York State Supreme Court on November 18, 1992. He seeks recovery for his injuries and for wrongful death, loss of companionship, and property damage sustained in the accident. Taneff had previously filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 16, 1992. In March 1993, Taneff's bankruptcy petition, listing Hoehn as a creditor, was converted to a Chapter 7 proceeding. Hoehn commenced the instant adversary proceeding against Taneff in bankruptcy court on June 14, 1993, seeking an order that Taneff is not entitled to a discharge of Hoehn's claims against him under 11 U.S.C. § 523(a)(6) & (9).

Taneff filed the summary judgment motion at issue on this appeal on November 1, 1993. He sought judgment as a matter of law in his favor from the bankruptcy court on Hoehn's two causes of action predicated on § 523(a)(6) & (9), respectively. Those subsections provide:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

. . . . .

(9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance....

11 U.S.C. § 523(a)(6) & (9).

The bankruptcy court entered an order on September 30, 1994, granting summary judgment with respect to the § 523(a)(9) cause of action since that subsection applies only to intoxicated debtor/drivers. The court denied summary judgment with respect to the § 523(a)(6) cause of action, finding that Hoehn had alleged sufficient evidence of a willful and malicious injury to defeat Taneff's motion. The court thus would "afford Hoehn an opportunity ... to establish the willful and malicious nature of his claim by a preponderance of the evidence." 172 Bankr. at 748. Taneff appealed that order pursuant to 28 U.S.C. § 158 and Bankruptcy Rules 8003(a) & (b). He contends that the bankruptcy court applied an improper standard of willfulness and that, even under the standard applied, Hoehn presented no record evidence that Taneff caused a willful injury to anyone.

## DISCUSSION

This Court reviews the bankruptcy court's denial of summary judgment *de novo*. A "bankruptcy court's legal conclusions are evaluated *de novo*," *In re Momentum Manufacturing Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (citing *In re PCH Assoc.*, 949 F.2d 585, 597 (2d Cir.1991)), as are "[m]ixed issues of law and fact," *In re Bleecker Street Associates*, 156 B.R. 405, 410 (S.D.N.Y.1993) (citing *In re CIS Corp.*, 142 B.R. 640, 641 (S.D.N.Y. 1992)).

The sole question presented on this appeal is whether Hoehn has presented sufficient evidence of a willful and malicious injury to create a genuine issue and thereby defeat Taneff's motion for summary judgment on Hoehn's first cause of action.

### A. Summary Judgment Standards

Under Bankruptcy Rule 7056, Federal Rule of Civil Procedure 56 applies in adversary proceedings in bankruptcy court. At oral argument on this appeal, plaintiff-appellee's counsel expressed some confusion about the well-settled standards under which a Rule 56 motion for summary judgment is resolved. This Court will begin by reviewing those standards.

Federal Rule of Civil Procedure 56 provides that summary judgment is warranted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.

56(c). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.* at 248, 106 S.Ct. at 2510.

Under Rule 56, "the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1223 (2d Cir.1994). A party moving for summary judgment can meet its burden either by producing evidence showing the absence of a genuine issue of material fact or by pointing out to the court that there is an absence of evidence supporting one or more essential elements of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Rule 56 further provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). The function of the court is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. A summary judgment motion will not be defeated, however, merely on the basis of a "metaphysical doubt" about the facts, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), "or on the basis of conjecture or surmise," *Bryant*, 923 F.2d at 982. The nonmoving party must come forward with significant probative evidence in support of its complaint. *See Capital Imaging v. Mohawk Valley Medical Associates*, 996 F.2d 537, 542 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 388, 126 L.Ed.2d 337 (1993).

Used properly, Rule 56 is a "vital procedural tool to avoid wasteful trials," *id.* at 541, and "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553.

**B.** *Nondischargeability under § 523(a)(6)*

Taneff, as already explained, argues that Hoehn has failed to provide any facts in support of his nondischargeability claim under § 523(a)(6) and that summary judgment is therefore appropriate.

Courts applying § 523(a)(6) have been mindful that "exceptions to the discharge of a debt are strictly construed against the creditor and liberally in favor of the debtor." *In re Kaufmann*, 57 B.R. 644, 646 (Bankr. E.D.Wis.1986) (citing *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915)). "Evidence presented must be viewed consistent with congressional intent that exceptions to discharge be narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code." *In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987); *see also In re Boyle*, 819 F.2d 583, 588 (5th Cir.1987); *In re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986).

"The burden of proving that a debt comes within one of the statutory exceptions to dischargeability is upon the party opposing discharge of the debt." *In re Balzano*, 127 B.R. 524, 529 (Bankr.E.D.N.Y.1991) (citing *In re Danns*, 558 F.2d 114, 116 (2d Cir. 1977)). "[T]he standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-

the-evidence standard." *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

### 1. *Willful and Malicious Injury*

Section 523(a)(6) provides that a discharge under Chapter 7 "does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." The creditor at trial "must prove, by a preponderance of the evidence, that the injury in question resulted from an act that was both willful, deliberate or intentional, and malicious, wrongful and without just cause or excuse...." *In re Chapin*, 155 B.R. 323, 326–27 (Bankr.W.D.N.Y.1993) (citing *In re Muhammad*, 135 B.R. 294, 298 (Bankr. N.D.Ill.1991)).

■ As the Eighth Circuit has explained, "Congress tells us in § 523(a)(6) that malice and willfulness are two different characteristics. They should not be lumped together to create an amorphous standard to prevent discharge for any conduct that may be judicially considered to be deplorable." *In re Long*, 774 F.2d 875, 881 (8th Cir.1985). Judge Bucki drew the proper distinction between willfulness and malice in a prior decision in which he defined those two concepts:

> The very nature of willfulness and malice indicates that this exception to discharge applies only to exceptional situations and not to ordinary ones. The concept of willfulness requires not merely an intent to commit the wrongful act but an actual intent to inflict the resulting injury upon the affected creditor. Malice requires conduct that is not merely tortious, but which is also wrongful and without just cause or excuse.

*In re Contella*, 166 B.R. 26, 28 (Bankr. W.D.N.Y.1994) (citation omitted).

■ Malice, as Judge Bucki recognized, is a separate and distinct requirement from willfulness under the § 523(a)(6) exception. " 'Malicious' conduct requires a finding of either intent to do harm (according to one line of cases) or conduct which is without just cause or excuse (according to another line of cases)." *In re Kaufmann*, 57 B.R. at 647

(citing *In re Grace*, 22 B.R. 653 (Bankr. E.D.Wis.1982) (setting forth the legal authorities for both views)); *see also In re Conte*, 33 F.3d 303, 307 (3d Cir.1994) (specific malice is not required under § 523(a)(6)).

■ The more interesting issue, the one at the forefront of this case, is what willfulness requires. The first step in determining whether there exists a willful injury is to distinguish between the intent to act and the intent to inflict a resulting injury. If all § 523(a)(6) required was an intent to act,

> a debtor who tossed a banana peel onto his sidewalk would be unable to discharge a debt owed to the Fuller Brush salesman who slipped and fell on the peel on Wednesday because the tossing of the peel was a voluntary act which unleashed an unbroken causative chain which lead to injury [sic].

*In re Kaufmann*, 57 B.R. at 647 (quoting *Cassidy v. Minihan*, 52 B.R. 947 (W.D.Mo. 1985)). The fact is that § 523(a)(6) "makes debts 'for willful and malicious injury' nondischargeable. 'Willful' modifies 'injury.' " *In re Compos*, 768 F.2d 1155, 1158 (10th Cir. 1985). "As the statute was written by Congress, it is the injury to the creditor which must have been intentional—not the action of the debtor which caused the accident." *In re Hartley*, 869 F.2d 394, 395 (8th Cir.1989); *see also In re Long*, 774 F.2d at 882 (debtor who willfully breaches a security agreement is not precluded from discharge of the debt unless he or she acted intending to harm interests of the creditor).

■ The legislative history clarifies that § 523(a)(6) requires a "deliberate or intentional" injury to except a debt from discharge:

> Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (190[4] ), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 362–65 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6317–6321. *See In re Compos,* 768 F.2d at 1157 ("The Senate Report ... is the same as the House report except that it refers to willful and malicious conversions as well as injuries."); *see also In re Kaufmann,* 57 B.R. at 647; *In re DeVier,* 57 B.R. 602, 604 (Bankr.E.D.Mich.1986).

"The concept of willfulness," as Judge Bucki acknowledged in *In re Contella,* "requires not merely an intent to commit the wrongful act but an actual intent to inflict the resulting injury upon the affected creditor." 166 B.R. at 28 (citing 3 Collier on Bankruptcy ¶ 523.16[1] 523–129 (15th ed. 1979)).

## 2. *Record Evidence and Intentional Injury*

■ The next question is whether a genuine issue exists in this case as to whether Taneff inflicted a malicious and willful injury. The parties have each presented one affidavit as evidence on the instant motion: (1) Taneff's affidavit in support of his motion for summary judgment and (2) Taylor's affidavit in response to the motion. Taneff states in his affidavit that he does not specifically recall selling or permitting alcoholic beverages to be sold to Verner on September 7, 1991. If they were, he claims, the sale was in the ordinary transaction of business and not with the intent to injure Hoehn, his wife, or anyone else. Taneff points out the absence of any contrary evidence that he acted deliberately, intentionally, or with malice. (Taneff Aff. ¶¶ 7–10.) The Taylor affidavit submitted in response states the following facts in pertinent part:

8. Significantly, deponent clearly recalls that Defendant THOMAS TANEFF was in attendance at the bar described herein above, consuming alcohol himself and buying drinks for others.

. . . . .

12. Moreover, deponent saw the person deponent believes to be James P. Verner purchase alcoholic beverages from Defendant THOMAS TANEFF's barmaids for himself and the said ARLENE H.

CHLOSTA and consume same while in front of said Defendant.

(Taylor Aff. ¶¶ 8, 12.)

Hoehn argues that this affidavit provides significant probative evidence creating a genuine issue as to whether Taneff's alleged acts rise to "an actual intent to inflict injury." Hoehn focuses on the bankruptcy court's statement that "if the debtor knew or should have known that this customer might possibly drive an automobile, then the Plaintiff would have fully established that his claim is for a willful and malicious injury." 172 B.R. at 748. Hoehn's reliance on this statement muddles not only willful with malicious, but negligence at one extreme with intent on the other.

On the issue of malice, whether defined as specific intent to do harm or as conduct which is wrongful and without just cause or excuse, Hoehn has presented no evidence beyond unsupported conjecture and surmise. *Bryant,* 923 F.2d at 982. Malice aside, however, this Court will primarily focus on the question of willfulness since it embraces the same factual deficiencies and is the primary basis of this appeal.

The specific question this appeal raises is whether a genuine issue exists as to willfulness, which, as explained above, "requires not only intentional conduct on the part of the debtor, but also intentional or deliberate injury." *In re Keppler,* 152 B.R. 417, 420 (Bankr.S.D.N.Y.1993) (citing *In re Pasek,* 983 F.2d 1524, 1527 (10th Cir.1993); *In re Pineau,* 149 B.R. 239, 243 (D.Me.1993)). The "should have known" language on which the bankruptcy court relied in its decision misstates the standard for a willful injury. It is well-settled that negligence, or even recklessness for that matter, does not establish a willful injury for nondischargeability under § 523(a)(6). *See, e.g., In re Ikner,* 883 F.2d 986, 990 (11th Cir.1989); *In re Chavez,* 140 B.R. 413, 421 (Bankr.W.D.Tex.1992); *In re Jaquis,* 131 B.R. 1004, 1009 (Bankr.M.D.Fla. 1991); *In re Martin,* 130 B.R. 930, 946 (Bankr.N.D.Ill.1991); *In re Zalowski,* 107 B.R. 431, 433 (Bankr.D.Mass.1989).

■ All the Taylor affidavit says is that Taylor saw Verner purchase alcoholic bever-

ages from Taneff's barmaids for himself and Chlosta and consume them in front of Taneff. As it stands, the record contains nothing to indicate that Taneff engaged in an intentional act causing an intentional or deliberate injury. No matter how hard the tragic and devastating injury that underlies this proceeding tugs at the heartstrings, there must be some modem of evidence that Taneff intended the injury for § 523(a)(6) to except the debt from discharge. The Taylor affidavit simply does not present evidence "such that a reasonable jury could return a verdict" for Hoehn under any recognized standard of proof.

■ A willful injury under § 523(a)(6) requires an action that the debtor intended for the purpose of causing injury or that the debtor knew was substantially certain to result in injury. *See In re Walker*, 48 F.3d 1161, 1165 (11th Cir.1995); *Conte*, 33 F.3d at 308; *In re Brandl*, 179 B.R. 620 (Bankr. D.Minn.1995). The Bankruptcy Code "requires at least a deliberate action that is substantially certain to produce harm." *In re Conte*, 33 F.3d at 309. This Court must examine the findings of the bankruptcy court in light of the intent required, which the bankruptcy court itself acknowledged "applies only to exceptional situations." *In re Contella*, 166 B.R. at 28.

According to Judge Bucki:

To release a drunken driver onto the highways is much like shooting a gun into a dark room filled with people. Knowing the certain impact of drunken driving, a tavern keeper's sale of alcohol to such an individual is an intentional act to impose danger upon the class of innocent highway users. Because the danger is so inevitable and so likely of deadly consequences, such sales inherently entail an actual intent to inflict whatever injury may result.

172 B.R. at 744. While this Court shares the bankruptcy court's concern for the perils of drinking and driving, the legal conclusion is problematic for two reasons. First, there is no evidence of record that Taneff sold alcohol to anyone he knew or even suspected was intoxicated. The case falls on that alone. Second, even if he did, § 523(a)(6) requires at least a deliberate action substantially certain to produce harm. The bankruptcy court explained that in its "view," the "correct interpretation is that a willful and malicious injury arises whenever a debtor commits a willful and malicious act that inevitably imposes an unreasonable danger of injury." 172 B.R. at 747. While that "view" thoughtfully seeks to combine and apply various tort concepts in this case, it flies in the face of the well-established tort-law principles of intent that courts have applied to § 526(a)(6).

■ A few cases amply illustrate why even "a high probability of producing harm ... does not establish ... conduct .... substantially certain to produce ... injury." *In re Conte*, 33 F.3d at 309. The bankruptcy court likened drunken driving to shooting a gun into a dark room filled with people. 172 B.R. at 748. Interestingly, in *In re Hartley*, the Eighth Circuit found that a debtor's act of throwing a lighted firecracker into a poorly ventilated basement where flammable fumes were present to startle the creditor was not a willful and malicious injury absent proof that the debtor intended to cause the explosion and fire that injured the creditor. 869 F.2d at 395. The dissenting judge's complaint was that the majority seemed to consider only whether the debtor threw the lighted firecracker for the purpose of causing the explosion, not whether the debtor must have known that his action was substantially certain to cause the explosion. Whether the majority considered that or not, the case illustrates that the question is not one of negligence or recklessness but whether the debtor must have known his conduct was substantially certain to cause injury. As the seminal textbook case in this area explains:

It is not enough that the act itself is intentionally done and this, even though the actor realizes or should realize that it contains a very grave risk of bringing about the [harm]. Such realization may make the actor's conduct negligent or even reckless but unless he realizes that to a substantial certainty, the [harm] will result, the actor has not that intention which is necessary to make him liable....

*Garratt v. Dailey,* 46 Wash.2d 197, 279 P.2d 1091 (1955) (citations omitted).[3]

The task at hand is to assess the record evidence bearing on intent in this case. Hoehn, as an initial matter, has presented no facts that Taneff served drinks to a person he knew to be intoxicated. Even assuming that he did, a dispassionate analysis must conclude that the requisite intent for nondischargeability is lacking without evidence of further inculpatory acts.

In *Cassidy v. Minihan,* 794 F.2d 340 (8th Cir.1986), for example, the debtor sought discharge of a debt arising from an automobile accident. The debtor, driving under the influence of alcohol, drove his car across the center line causing a collision which injured the creditor. The Eighth Circuit affirmed the decision of the district court which held the debt dischargeable because the debtor's conduct was at most reckless disregard for the risks involved. *Id.* at 342. Similarly, in *In re Compos,* the Tenth Circuit affirmed the discharge of a debt arising from an automobile accident which occurred when the debtor was driving intoxicated since the creditor had proved only reckless disregard, not intent.[4] 768 F.2d at 1158–59.

■ In the instant case, it was not even the debtor who allegedly drove the vehicle. While one might conceive of a tavern keeper sending an intoxicated patron on the road with intent to inflict injury, conjecture and surmise does not defeat a properly supported summary judgment motion. *Bryant,* 923 F.2d at 982. Viewing both affidavits and all inferences therefrom in the light most favorable to Hoehn, he has submitted no facts that Taneff served Verner, knew he was intoxicated, or knew he would drive. Even if he did, one can hardly say on those facts alone that the tavern owner must have known with substantial certainty that a collision would occur. More would be necessary to create a triable issue on whether the injury was "willful."

With no genuine issue as to the fact that Taneff did not deliberately act to injure Hoehn or anyone else, or act in a way substantially certain to injure Hoehn or anyone else, which is required for a debt to be nondischargeable under § 523(a)(6), Taneff is entitled to judgment as a matter of law on Hoehn's first cause of action.

## CONCLUSION

For the reasons set forth above, this Court will reverse the order entered in the bankruptcy court with respect to the first cause of action and grant Taneff's motion for summary judgment.

## ORDER

IT HEREBY IS ORDERED, that the order entered on September 30, 1994, in the United States Bankruptcy Court for the Western District of New York, is REVERSED with respect to the first cause of action in plaintiff-appellee's complaint.

FURTHER, that defendant-appellant's motion for summary judgment with respect to the first cause of action is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment accordingly in

---

**3.** The Restatement explains:
   Intent is not . . . limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. As the probability that the consequences will follow decreases, and becomes less than substantial certainty, the actor's conduct loses the character of intent and becomes mere recklessness. . . .
   Restatement (Second) of Torts § 8A, cmt. b (1979).

**4.** *See also In re Chapin,* 155 B.R. at 327 ("the Debtor, although he may have been driving while intoxicated, clearly did not deliberately, intentionally and with malice cause injury to [Creditor] or her property within the meaning of Section 523(a)(6)"); *In re Hostetler,* 44 B.R. 886, 888 (M.D.Fla.1984) (absent any evidence that drunk-driving debtor intended to inflict injury, debt was dischargeable); *In re Granberg,* 39 B.R. 687, 689 (N.D.Ill.1984) (allegations of plaintiffs' complaint that injuries suffered were caused by debtor's intoxication insufficient to state claim under § 523(a)(6); *but see In re Adams,* 761 F.2d 1422 (9th Cir.1985) (voluntary acts of drinking and driving sufficiently intentional to support finding of willfulness and malice).

favor of defendant-appellant and against plaintiff-appellee.

SO ORDERED.