**In the Matter of Thomas W. NELSON and Sandra E. Nelson, Debtors.**

**UNITED BANK OF ROCKFORD, Plaintiff,**

v.

**Thomas W. NELSON and Sandra E. Nelson, Defendants.**

**Bankruptcy No. 80 B 01229.**

**Adv. No. 81 A 0047.**

United States Bankruptcy Court, N. D. Illinois, Western Division.

April 20, 1981.

Theodore Liebovich, Rockford, Ill., for United Bank of Rockford.

John Olson, Rockford, Ill., for Nelsons.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of United Bank of Rockford to Determine the Dischargeability of a Debt of the Debtors, Thomas W. Nelson and Sandra E. Nelson.

## BACKGROUND

In February, 1980, the Nelsons purchased for $4000 a color camera, tape deck and screen. They paid $1000 down and financed the balance of $3000 through United. They were in default when the first payment

became due. By the summer of 1980 they found themselves without funds to pay for living necessities and sold the equipment for $2400. Other items of personal property, including Mrs. Nelson's wedding ring, were also sold.

## QUESTION

Does the sale of equipment subject to a security interest of United constitute a wilful and malicious injury within the meaning of Section 523(a)(6) of the Bankruptcy Code?

## ANALYSIS

■ The phrase "wilful and malicious injury" in Section 523(a)(6) was intended to encompass wilful and malicious conversion. See *In Re Meyer*, 7 B.R. 932, 3 C.B.C.2d 534. Judge Eisen of the Northern District of Illinois states "for a wilful and malicious conversion to create a non-dischargeable debt, there must be a deliberate or intentional act, done with intent to do harm to the creditor's property". (This Court would add, and perhaps Judge Eisen would agree, that the debt is equally non-dischargeable if the act was done with intent to do harm to the creditor, as well as to the creditor's property.)

■ *In Re Hodges*, 4 B.R. 513, 2 C.B.C.2d 566 (Bkrtcy.), repeats the prevailing view of Bankruptcy Courts under the Code: There must be an "intent to do harm". In this case there is no testimony to support a finding that the Nelsons intended to do harm, either to the creditor or to the creditor's secured property. If the Debtors' intent is to raise funds to meet living necessities, as here, the requisite malice is absent.

The fact that a title retention document is involved is not a basis for distinguishing this case from the *Hodges* case.

\* \* \* \* \* \*

The *Hodges* case places an almost insurmountable burden on creditors when their secured property is sold, and a burden this Court is not entirely comfortable with. Under the former Bankruptcy Act wilful and malicious conversions were included as non-dischargeable debts in Section 17(a)(2) along with such essentially contractual or commercial conduct as misrepresentations and false financial statements. Under the Code, however, Congress deleted wilful and malicious conversion from its contractual or commercial context and moved it to Section 523(a)(6) where it joined its essentially tortious brethren. The "intent to do harm" standard became applicable.

When the injury is directly to a person or to the property of another, a standard of intentional harm is understandable. See *In Re Bryson*, 3 B.R. 593, 1 C.B.C.2d 1038. But when the injury is conversion of secured property such a standard virtually renders the remedy meaningless. Under what circumstances, for instance, would a debtor ever sell secured property out of malice?

Nevertheless, I believe the *Hodges* case correctly reads the intent of Congress, and this Court will follow it in the absence of a binding appellate decision to the contrary.

\* \* \* \* \* \*

Attorney Liebovich makes out a surprisingly strong case for non-dischargeability based on the sequence of events and the pattern of the Nelsons' conduct, beginning with their extravagant purchase, followed by a failure to make the first and subsequent payments, etc. But that argument smacks of misrepresentation under Section 523(a)(2), not wilful and malicious conversion under Section 523(a)(6).

## CONCLUSION

With serious reservations about the ease with which debtors can avoid the non-dischargeability of a debt after conversion of property subject to a security interest, this Court follows *Hodges* and concludes that the indebtedness of the Nelsons to United should be discharged in bankruptcy.

An Order consistent with this Memorandum Opinion is filed herewith.