**In the Matter of James Lee HARTLEY, Debtor.**

**James Lee HARTLEY, Appellant,**

v.

**Rickey D. JONES, Appellee.**

**No. 88–1839.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1988.

Decided March 6, 1989.

Rehearing En Banc Granted April 26, 1989.*

\* Opinion and Judgment are vacated.

Keith R. Krueger, Kansas City, Mo., for appellant.

Julia J. Borel, Kansas City, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

James Lee Hartley appeals from a final judgment entered in the District Court for the Western District of Missouri affirming the orders of the Bankruptcy Court for the Western District of Missouri. The Bankruptcy Court held that a $1,000,000 debt arising from a judgment against Hartley for the personal injury of Rickey D. Jones is nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6). 75 B.R. 165. For reversal, Hartley argues that the § 523(a)(6) exception to discharge does not apply to him because he did not intend to injure Jones. For the reasons discussed below, we reverse the decision of the district court.

On October 11, 1984, Jones was working in the basement of Shade Tree Auto Parts and Tire Service Store, Kansas City, Mis-

souri, of which Hartley was an owner. At Hartley's direction, Jones was cleaning and painting tires with a gasoline mixture. Highly flammable fumes accumulated in the poorly ventilated basement. Hartley threw a firecracker into the basement, as a joke, intending only to startle Jones. Sparks from the firecracker caused an explosion and fire, and Jones was severely burned and permanently scarred.

Jones filed a personal injury suit against Hartley on January 25, 1985. On November 3, 1986, Hartley filed a Chapter 7 bankruptcy petition listing among his debts Jones' claim against him for $1,000,000. Subsequently the bankruptcy court held that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). That decision was affirmed by the district court. This appeal followed.

*Exception to Discharge*

Section 523(a)(6) of the Bankruptcy Code provides:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). Hartley argues that the $1,000,000 debt is dischargeable because he did not intend to injure Jones when he threw the firecracker into the basement. Jones argues that the debt is nondischargeable because Hartley became responsible for all foreseeable consequences of his deliberate act.

Jones' argument is a proper analysis for tort liability. However, the tort standard of liability is not the same as the standard used to determine whether a debt is nondischargeable under § 523(a)(6). The Report of the House Judiciary Committee on the Bankruptcy Reform Act of 1978, defines "willful" as it is used in the bankruptcy context:

> Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on

*Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 365, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6320–21. As the statute was written by Congress, it is the injury to the creditor which must have been intentional—not the action of the debtor which caused the accident.

This interpretation is supported by cases from this court. *Cassidy v. Minihan*, 794 F.2d 340 (8th Cir.1986) (*Cassidy*), held that § 523(a)(6) is only intended to bar discharge of debts arising from intentionally inflicted injuries. In *Cassidy*, the debtor sought discharge of a debt arising from an automobile accident. At the time of the accident the debtor was driving under the influence of alcohol. His car crossed the center line causing the accident which resulted in injuries to the creditor. *Cassidy* affirmed the decision of the district court which held the debt dischargeable because the debtor's conduct was at most reckless disregard for the risks involved and not intended to injure anyone. *Id.* at 342. *See also In re Long*, 774 F.2d 875, 882 (8th Cir.1985) (debtor who willfully breaches a security agreement is not precluded from discharge of the debt unless he or she acted intending to harm interests of the creditor).

In the instant case there is simply no proof that Hartley threw the firecracker into the basement intending to cause the explosion and fire that injured Jones. Therefore, § 523(a)(6) does not preclude Hartley from discharge of this debt.

Accordingly, we reverse the judgment of the district court.

BOWMAN, Circuit Judge, dissenting.

I respectfully dissent. Intending to startle or scare Jones, Hartley threw a lighted firecracker into the basement where Jones was working. Hartley did this knowing that the air in the basement was heavy with gasoline fumes, that gasoline fumes are flammable, that a firecracker creates heat when it explodes, and that heat causes gasoline fumes to explode. He also knew

that the first employee sent to the basement to do the job that day had refused to stay there because of the overpowering fumes, and that Jones had been in the basement using gasoline for at least one and perhaps closer to two hours when the explosion occurred. As a result of Hartley's deliberate act (which clearly amounted to an assault upon Jones), Jones suffered burns on 29% of his body. Some $40,000 in medical expenses later, and having endured much pain and suffering, Jones was discharged from the Kansas University Hospital Burn Center with readily discernible scars on his face, neck, arms, and other parts of his body.

Both the bankruptcy court and the district court properly considered our decisions in *Cassidy v. Minihan*, 794 F.2d 340 (8th Cir.1986), and *In re Long*, 774 F.2d 875 (8th Cir.1985). Analyzing the present case within the legal framework established by *Cassidy* and *Long*, the bankruptcy court found that Hartley's conduct "was far more culpable than the reckless disregard standard, and in fact meets the test of intentional harm." Based on its finding that Hartley had intentionally inflicted injury upon Jones, the bankruptcy court held Jones's claim against Hartley nondischargeable. In affirming that decision, the district court emphasized, as had the bankruptcy court, that throwing a lighted firecracker into a room filled with gasoline and paint fumes is substantially certain to cause an explosion, that an objectively reasonable person could not fail to know this, and thus that Hartley must have known that his act was substantially certain to cause injury to Jones. Consistent with *Cassidy* and *Long*, the court therefore held that Jones's injury was malicious within the meaning of 11 U.S.C. § 523(a)(6).

None of the bankruptcy court's findings of fact is clearly erroneous, and the conclusion that Jones's claim is nondischargeable under § 523(a)(6) follows as a matter of law. The majority opinion, *ante* at page 395, correctly points out that for a claim to be nondischargeable under this statute, the injury to the creditor, as distinguished from the action of the debtor which caused the accident, must have been intentional. The majority opinion goes astray, however, by failing to recognize that here the bankruptcy court has made a finding that the injury to Jones was intentional. It cannot be seriously argued that this finding is clearly erroneous. I therefore believe that the order of the district court should be affirmed.[1]

---

**1.** It seems to me that a claim for injury resulting from an assault, which is what we have here, should always be nondischargeable under § 523(a)(6). More broadly, I doubt that Congress intended that claims for injuries resulting from intentional torts should be dischargeable.

Certainly, we should not lightly infer that Congress has created a safe haven in the Bankruptcy Code for intentional tortfeasors. In this case, however, there is no need to pursue this line of inquiry, since the bankruptcy court has made a specific finding of intentional injury to Jones.