**In re Cheryl A. LOMBRE, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff**

v.

**Cheryl A. LOMBRE, Defendant.**

**Bankruptcy No. 87–05106–2. Adv. No. 89–4160–2.**

United States Bankruptcy Court, W.D. Missouri.

July 31, 1989.

Franz E. Brown, Kansas City, Mo., for debtor.

Marilyn S. Gussman, Kansas City, Mo., for plaintiff.

MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

This is one of those cases, fortunately rare, in which the Court feels that a se-

cured creditor (and thereby the system) has been abused but which the Court is powerless to prevent.

Debtor purchased a 1984 Mazda RX7 on March 7, 1985. Her retail installment contract was assigned to General Motors Acceptance Corporation (GMAC) which duly perfected its lien. On November 24, 1987, debtor filed a petition under Chapter 13, listing GMAC as a secured creditor and setting up monthly payments. The plan was confirmed. In September of 1988, debtor's insurance lapsed. Demand for insurance was made to debtor and debtor's counsel, all without avail, and contrary to the Local Rules of this Court.

On December 21, 1988, GMAC filed a Motion To Lift Stay. Debtor responded on January 3, 1989. In the response, debtor stated:

5. Admitted, but it is stated debtor is obtaining in-insurance.

8. Further answering, that the plan filed adequately protects this creditor.

9. Further answering, that the vehicle in question is necessary to debtor's rehabilitation because it is her only means of transportation.

Said answer was demonstrably false in that the vehicle had already been wrecked by debtor's boyfriend.

Debtor's attorney thereupon converted the case to a Chapter 7; told GMAC to pick up the salvage at the Muncie Tow Lot, and sought discharge of all further obligation to GMAC. GMAC filed this adversary action under 11 U.S.C. 523(a)(6). The primary allegation of GMAC's complaint was:

"10. That Debtor's failure to maintain insurance on the vehicle, despite Plaintiff's demands that such insurance be obtained in compliance with the terms of the installment sales contract, constitutes a willful and malicious injury by the debtor to Plaintiff (GMAC) and its property".

While the Court deplores and abhors the conduct of debtor in this case, the well settled law within the Eighth Circuit is to the contrary. *In re Long,* 774 F.2d 875 (8th Cir.1985); *Cassidy v. Minihan,* 794 F.2d 340 (8th Cir.1986). The test under 11 U.S.C. 523(a)(6) is two pronged. The debtor must act intentionally and deliberately and thus satisfy the willful prong. The debtor must intend at least the natural consequences of his act, if not in fact intend to cause the actual harm to the person or property of the injured party to satisfy the malicious prong. *In re Hartley,* 75 B.R. 165 (Bkrtcy.W.D.Mo.1987); *Matter of Hartley,* 100 B.R. 477 (W.D.Mo.1988) aff'd; *Matter of Hartley,* 869 F.2d 394 (8th Cir. 1989) reversed; 19 Bankr.Ct.Dec. 73, Bankr.L.Rep. p. 72–729, rehearing granted; *Matter of Hartley,* 874 F.2d 1254 (8th Cir. 1989).

When debtor chose to drive (or lend for driving) the vehicle, said act was clearly willful. However, it was not proved to be malicious. The Court apprehends that the second requirement could have been satisfied by either proving that debtor had told the boyfriend to wreck the car so GMAC would have been injured, or else agreed that he could become an entrant in a demolition derby at the local arena. Since GMAC failed to meet such requirements or their comparables, it must fail in this adversary action under the section alleged.

SO ORDERED.

The above Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.