In re David COHEN, Debtor.

CABLEVISION SYSTEMS CORPORA-
TION, Cablevision of Connecticut, Lim-
ited Partnership, and Cablevision Sys-
tems of Southern Connecticut, Limited
Partnership, Plaintiffs,

v.

David COHEN, Defendant.

Bankruptcy No. 889–90535–478.
Adv. No. 889–0106–478.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Nov. 27, 1990.

Neil Flaum, Great Neck, N.Y., for debt-
or.

Jerome T. Dorfman, Woodbury, N.Y., for plaintiffs.

## DECISION AND ORDER

DOROTHY EISENBERG, Bankruptcy Judge.

## INTRODUCTION

Cablevision Systems Corporation, *et al.* (hereafter "Plaintiffs") instituted the instant adversary proceeding seeking a determination from this Court that a debt evidenced by a judgment entered against the Debtor for violations of 47 U.S.C. § 553, the "Cable Act", is non-dischargeable as a willful malicious injury pursuant to § 523(a)(6) of the Bankruptcy Code. The Plaintiffs have moved for summary judgment and the Debtor has cross-moved for summary judgment.

## FACTUAL BACKGROUND

In 1984, Plaintiffs commenced an action against the Debtor in the United States District Court for the Eastern District of New York ("the District Court action") alleging that Debtor had violated section 553 of Title 47 of the United States Code (the "Cable Act"). The complaint alleged that the Debtor, using the cover of his wholly owned corporation, Island Cable Electronics, Inc., was engaged in the business of modifying and distributing devices capable of decoding or descrambling signals transmitted by Plaintiffs over their systems so as to enable parties who were not subscribers and who had not paid the requisite fees to receive Cablevisions' highest level of programming. Such devices are referred to as "decoders" or "descramblers". Section 553 provides that it is unlawful for anyone to manufacture or distribute "equipment intended by the manufacturer or distributor for unauthorized reception of any communications service offered over a cable system...." 47 U.S.C. § 553 (1988).

Plaintiffs have never authorized nor consented to the Debtor advertising, promoting, marketing, selling, renting, repairing, or leasing of the aforementioned electronic decoders or descramblers nor have Plaintiffs authorized or consented to the Debtor rendering assistance in receiving or assistance in the conversion of Plaintiffs' signal.

Upon learning of the Debtor's illegal sales of descramblers, Plaintiffs obtained a preliminary injunction from the District Court restraining the Debtor and his corporation from further violations of section 553. The Debtor continued to sell these devices in violation of the Temporary Restraining Order and in fact, these devices were sold to Plaintiffs' investigators who had been hired by Plaintiffs in order to obtain the proof required to sustain their complaint.

At the trial in the District Court, evidence was introduced, both orally and in the form of 56 video and 12 audio tapes, showing that Debtor had sold 183 decoders to undercover investigators hired by Plaintiffs. In a "Corrected Memorandum and Order" dated April 21, 1988, the District Court found that the Debtor had distributed equipment intended for the unauthorized interception of cable television transmissions in violation of 47 U.S.C. § 553(a) (1988). Specifically, the District Court found that Debtor had sold 183 decoders capable of descrambling Plaintiffs' encoded transmissions to buyers (undercover investigators hired by Plaintiffs). These sales were made to individuals who were not authorized by law to receive the decoders, for the purpose of direct financial gain, and with the intent that they be used for the unauthorized interception of Plaintiffs' cable television transmissions. *See Cablevision Systems Development Company v. David Cohen & Island Cable Electronics*, Corrected Memorandum and Order, Docket No. 84 CV 1155 (ERK) at 1, 2.

The District Court also granted Plaintiff the permanent injunctive relief necessary to ensure that Debtor could not use the cover of a legitimate business to cloak his blatantly illegal activity. Specifically, Cohen was enjoined from engaging in the distribution, sale and repair of any equipment or device used in the cable television industry. The District Court found that such relief was warranted because Cohen's

statutory violations were "committed willfully and for the purpose of ... private financial gain." 47 U.S.C. § 553(c)(3)(B) (1988). More significantly, the District Court found that the Debtor's violations had continued despite the issuance of the temporary restraining order barring Cohen from continuing such illegal activity.

Under section 633 of the Cable Act, a successful plaintiff can recover actual damages or "may recover an award of statutory damages for all violations involved in the action in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii) (1988). Because actual damages were virtually impossible to ascertain, Plaintiffs exercised their option under the Cable Act of seeking only statutory damages. The very purpose of statutory damages in lieu of actual damages is specifically intended for situations where it is virtually impossible to quantify the extent of an individual's injury and the resultant monetary damages. An award of statutory damages is not indicative of a lack of injury.

After considering all of the evidence presented at trial, the District Court awarded statutory damages of $250 for each decoder sold. Accordingly, a judgment was entered against Debtor awarding Plaintiffs $250 for each of the 183 violations for a total of $45,750 plus reasonable attorney fees and costs. A "Corrected Judgment" was entered on April 29, 1988, which provided for the further award of reasonable attorneys' fees and expenses in accordance with section 553.

Finally, an "Order" awarding Plaintiffs' attorneys' fees and litigation costs was entered on May 20, 1988. Pursuant to section 553 successful plaintiff clearly is entitled to reasonable attorneys' fees and the costs incurred in the prosecution. *See* 47 U.S.C. § 553(c)(2)(c) (1988). After a review of the charges submitted, The District Court found that the Plaintiffs were entitled to recover from Defendant attorneys' fees and litigation costs in the amount of $148,630.17. In addition, because the investigative expenses incurred by Plaintiffs provided substantial evidence against the Defendant, the District Court found that all fees paid to Hallmark International, Inc. (the investigating agency), for the cost of the undercover investigation, were recoverable by Plaintiffs. The judgment previously entered in favor of the Plaintiffs was therefore amended to the sum of $295,-392.77. The judgment includes the statutory award of statutory damages of $45,-750 plus the additional award of $249,-642.77 for reasonable attorneys' fees, costs and expenses.

Following the entry of the District Court judgment, the Debtor filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code, listing the judgment debt in his schedules. On July 17, 1989, Plaintiffs instituted the instant adversary proceeding seeking a determination that the District Court judgment, including the award of attorneys' fees and costs, is non-dischargeable as a willful and malicious injury pursuant to section 523(a)(6). The Plaintiffs have now moved for summary judgment. In support of their motion, the Plaintiffs argue that because the District Court actually and necessarily determined that the Defendant's conduct was willful and malicious as required by section 523(a)(6) of the Bankruptcy Code, the Debtor is collaterally estopped from relitigating the issue of willful and malicious under section 523.

The Debtor agrees that there are no material issues of fact and has cross-moved for summary judgment. The Debtor, however, contends that since the sales made by Debtor upon which he was found liable were made only to Plaintiffs' agents, therefore his acts have not resulted in any injury to the Plaintiffs within the meaning of section 523(a)(6). The gravamen of the Debtor's contention is that in connection with the District Court action the Plaintiffs were only able to recover statutory damages because they were unable to prove that the Debtor sold "decoders" to anyone other than undercover agents of the Plaintiffs and therefore unable to prove that the Debtor's actions caused Plaintiffs any injury as required by section 523. The Debtor further contends that if the underlying debt is dischargeable, then any costs and

attorneys' fees awarded in connection with that debt are also dischargeable.

For reasons stated below, this Court finds that the Debtor's actions constitute a "willful and malicious" injury to the Plaintiffs within the meaning of section 523(a)(6) of the Bankruptcy Code, thereby rendering the judgment of the District Court non-dischargeable.

## DISCUSSION

### A. *Collateral Estoppel.*

■ Plaintiffs argue that the District Court actually and necessarily determined that the Debtor's violations were committed willfully and for the purpose of private financial gain and as a result the Debtor is barred by the doctrine of collateral estoppel from relitigating those issues in the Bankruptcy Court. Plaintiffs are correct in their assertion that where all the requirements of collateral estoppel are met, the doctrine of collateral estoppel properly precludes the relitigation of those issues in subsequent dischargeability proceedings. *Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 764–65 (10th Cir.1988); *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987); *Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163, 1166 (11th Cir. 1987); *Harold V. Simpson & Co. v. Shuler (In re Shuler),* 722 F.2d 1253, 1255 (5th Cir.), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984); *Spillman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981); *Matter of Ross,* 602 F.2d 604, 607–08 (3rd Cir. 1979); *contra, Gregg v. Rahm (In re Rahm),* 641 F.2d 755, 757 (9th Cir.) *cert. denied,* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981).

■ However, where the standard of proof in the prior proceeding differs from that required in the bankruptcy proceeding the Bankruptcy Court may not give collateral estoppel effect to the earlier judgment. *Brown v. Felsen,* 442 U.S. 127, n. 10, 99 S.Ct. 2205, n. 10, 60 L.Ed.2d 767 (1979); *In re Garner,* 881 F.2d 579 (8th Cir.1989), *cert. granted,* — U.S. —, 110 S.Ct. 1945, 109 L.Ed.2d 308 (1990); *Chang v. Daniels (In re Daniels),* 91 B.R. 981, 984–85

(Bankr.M.D.Fla.1988); *Morehead v. Peoni (In re Peoni),* 67 B.R. 288, 290 (Bankr.S.D. Ind.1986); *Henderson v. D'Annolfo (In re D'Annolfo),* 54 B.R. 887, 889 (Bankr.D. Mass.1985); *Fine v. Marks (In re Marks),* 40 B.R. 614, 617–19 (Bankr.D.S.C.1984); *MA & M, Inc. v. Supple (In re Supple),* 14 B.R. 898, 904 (Bankr.D.Conn.1981); *Graham v. Billings (In re Billings),* 94 B.R. 803 (Bankr.E.D.N.Y.1989); *In re Iannelli,* 12 B.R. 561, 564 (Bankr.S.D.N.Y.1981).

■ In this District, in an action to determine the dischargeability of a debt under section 523 of the Bankruptcy Code, the burden of proof is on the creditor to produce clear and convincing evidence substantiating each element of non-dischargeability. *In re Tesmetges,* 86 B.R. 21 (E.D. N.Y.), *aff'd,* 862 F.2d 304 (2d Cir.1988); *Graham v. Billings (In re Billings),* 94 B.R. at 810. *See In re Garner,* 881 F.2d at 581; *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir.1988); *In re Phillips,* 804 F.2d 930, 932 (6th Cir.1986); *In re Black,* 787 F.2d 503, 505 (10th Cir.1986); *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir. 1986); *In re Kimzey,* 761 F.2d 421, 423–24 (7th Cir.1985); *Car Village Buick–Opel, Inc. v. DeRosa (In re DeRosa),* 20 B.R. 307, 311 (Bankr.S.D.N.Y.1982). In this case, the District Court in its Opinion dated December 22, 1987, found that the Plaintiffs had established, "by more than a preponderance but at least by a preponderance of the evidence ... that Defendant repeatedly violated 47 U.S.C. section 553 ...". Although the District Court indicated that the Plaintiffs had proven their case by more than a preponderance, there was no finding that the evidence presented rose to the level of clear and convincing. Consequently, the use of the less stringent preponderance of the evidence standard in the District Court action precludes the application of the doctrine of collateral estoppel in this case. Therefore, this Court must undertake to make its own determination.

### B. *Section 523(a)(6).*

■ Section 523(a)(6) of the Bankruptcy Code provides that an individual Debtor will not be discharged from any debt for

willful and malicious injury to another entity[1]. The term "willful" has been interpreted to mean an act done deliberately and intentionally. *Lee v. Ikner (In re Ikner)*, 883 F.2d 986 (11th Cir.1989); *Hartley v. Jones (In re Hartley)*, 869 F.2d 394 (8th Cir.), *aff'd*, 874 F.2d 1254 (8th Cir.1989); *Beneficial New York, Inc. v. Bossard (In re Bossard)*, 74 B.R. 730 (Bankr.N.D.N.Y. 1987); *In re DeRosa*, 20 B.R. at 313; *Thorp Credit and Thrift Co. v. Pommerer (In re Pommerer)*, 10 B.R. 935, 940 (Bankr. D.Minn.1981); 3 Collier on Bankruptcy, ¶ 523.16, p. 523 (15th ed. 1989). The meaning of the term "malicious", however, has become the subject of substantial debate. The authorities are clearly split as to what constitutes malicious conduct. *See* Fischer, *The Exception to Discharge for Willful and Malicious Injury: The Proper Standard for Malice*, 7 *Bankr.Dev.J.* 245 (1990). *See also Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257 (11th Cir.1988).

The first line of cases use the specific intent standard. Under this standard the creditor must show that the Debtor's motive was to harm the creditor or its property. *Communications Workers of Am. v. Akridge (In re Akridge)*, 89 B.R. 66 (9th Cir. BAP 1988); *Atchley v. Stover (In re Stover)*, 88 B.R. 479 (Bankr.S.D.Ga.1988); *United Bank of Rockford v. Nelson (In re Nelson)*, 10 B.R. 691 (Bankr.N.D.Ill.1981); *In re Hodges*, 4 B.R. 513 (Bankr.W.D.Va. 1980). *See* Fischer, *supra*, at 248. The use of the specific intent standard imposes an almost impossible burden on the creditor and as a result will almost inevitably lead to a finding of dischargeability.

The second line of cases use the "implied or constructive" malice standard, or a "reckless disregard" as a substitute for intent to harm. Under this standard, the creditor must show that the Debtor's actions would necessarily result in harm to the creditor or its property, even if injury was not intended. *United Bank of Southgate v. Nelson (In re Nelson)*, 35 B.R. 766 (Bankr.N.D.Ill.1983); *In re Schultz*, 89 B.R. 28 (Bankr.E.D.Wis.1988); *In re Jones*, 88 B.R. 899 (Bankr.E.D.Wis.1988); *In re Gaebler*, 88 B.R. 62 (E.D.Pa.1988); *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003 (4th Cir.1985). *See* Fischer, *supra* at 251. The use of the implied or constructive malice standard is obviously an easier burden for the creditor and is more likely to result in a finding that the debt is non-dischargeable.

The third line of cases that has evolved adopts a "middleground" standard. *In re Robison*, 86 B.R. 182 (Bankr.W.D.Mo.1988); *see also Mercury Marine Acceptance Corp. v. Wheeler (In re Wheeler)*, 96 B.R. 201 (W.D.Mo.1988); Fischer, *supra*, at 257. The inquiry under this standard is whether the Debtor knew or should have known that his actions would cause harm to the creditor. The debtor is charged with the knowledge of the natural consequences of his actions. *See In re Long*, 774 F.2d 875, 881 (8th Cir.1985); *In re Robison*, 86 B.R. at 184; Fischer, *supra*, at 258. This standard appears to be the most appropriate and is the standard adopted by this Court. Thus, for Plaintiffs to prevail in the instant case, the record of the District Court and all the pleadings before this Court must show that the Debtor acted deliberately and intentionally and knew or should have known that his actions would cause harm to Plaintiffs.

■ This Court believes that the record made at trial in the District Court, including the voluminous video and audio tape evidence presented at trial, undoubtedly reveals that the Debtor deliberately and intentionally sold decoders capable of descrambling Plaintiffs' transmissions to individuals who were not authorized to receive them. Moreover, the Debtor clearly knew, or should have known, that these devices were to be used for that illegal purpose which would result in financial harm to Plaintiffs. If there was any doubt as to whether the Debtor acted willfully and ma-

---

**1.** Section 523(a) provides in relevant part:

(a) A discharge under section 727 ... of this title ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity; ...

11 U.S.C. § 523(a)(6) (1988).

liciously, it is displaced by the factual finding by the District Court that the Debtor violated the Temporary Restraining Order the Court had imposed in an attempt at preventing additional harm to the Plaintiffs. Consequently, this Court finds that the record and pleadings in this case contain clear and convincing evidence that the Debtor acted willfully and maliciously as required by section 523(a)(6).

The Debtor has submitted no evidence to refute this finding or any evidence as to mitigating circumstances. The Debtor's sole argument in opposition to Plaintiffs' motion for summary judgment is that Plaintiffs have not suffered any injury as required by section 523(a)(6). The Debtor bases his argument on the fact that in the District Court action Plaintiffs were only awarded statutory damages and not actual damages because they were unable to prove that the Debtor had sold decoders to anyone other than undercover agents hired by Plaintiffs. This argument must fail for two reasons. First, Plaintiffs were required to expend a substantial amount of time and money to stop the Debtor from continuing his illegal conduct which was certain to cause financial harm to Plaintiffs. Consequently, by virtue of the fact that Plaintiffs were forced to hire an investigative agency at substantial cost to stop the Debtor from continuing to cause Plaintiffs harm is in and of itself an injury.

Secondly, under section 523(a)(6), the proper focus is not upon the injury but rather the focus is upon the nature of the conduct that gives rise to the injury. *In re Adams*, 761 F.2d 1422, 1428 (9th Cir.1985) *quoting Coen v. Zick*, 458 F.2d 326 (9th Cir.1972) ("The exception is measured by the nature of the act ... all liabilities resulting therefrom are non-dischargeable"); *In re Hamanaka*, 53 B.R. 320, 323 (Bankr. S.D.N.Y.1985) ("the proper focus in determining whether an exception to discharge is warranted is the nature of the act and not the nature of the liability"). *See Brill v. Dvorak (In re Dvorak)*, 118 B.R. 619 (Bankr.N.D.Ill.1990); *Bender v. Tobman (In re Tobman)*, 96 B.R. 429 (Bankr.S.D.N.Y.), *rev'd on other grounds*, 107 B.R. 20 (S.D.N.Y.1989). Here, the Debtor's willful and malicious conduct which the Debtor knew or should have known would result in financial injury to Plaintiffs resulted in the District Court Judgment. The entire judgment is therefore non-dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.

Plaintiffs' motion for summary judgment is granted. The debt in the sum of $295,392.77 due to Plaintiffs is non-dischargeable.

SO ORDERED.