Terry ADAMS, Appellant,

v.

Karen Marie ZENTZ, Appellee.

No. 90–0864–CV–W–9.
Bankruptcy No. 89–42988–2.
Adv. No. 90–4038–2.

United States District Court,
W.D. Missouri, W.D.

March 25, 1993.

Anthony L. Anderson, Clayton, MO, for plaintiff/appellant.

Steven C. Block, Boland, McQuain, Block, DeHardt & Rosenbloom, Kansas City, MO, for defendant/appellee.

## ORDER REMANDING CASE TO BANKRUPTCY COURT

BARTLETT, District Judge.

On June 19, 1990, the bankruptcy court entered an Order Denying Appellant's Motion for New Trial or to Amend Judgment in which the court held that a debt owed to Terry Adams by Karen Marie Zentz is not a non-dischargeable debt under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(6). On appeal, this court reversed and remanded the case to the bankruptcy court based on 11 U.S.C. § 523(a)(5). On April 30, 1992, the Eighth Circuit Court of Appeals reversed and remanded the case to this court for a decision on the 11 U.S.C. § 523(a)(6) issue. 963 F.2d 197

### A. Standard for Bankruptcy Appeal

This court has jurisdiction pursuant to 28 U.S.C. § 158(a). Bankruptcy Rule 8013 provides that on appeal, the district court may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of witnesses.

The Advisory Committee Notes state that Rule 8013 accords the same weight to the findings of a bankruptcy judge as is given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is " 'left with the definite conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 365, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). The district court must independently determine questions of law or mixed questions of law or fact. *In re Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980); *In re Hammons*, 614 F.2d 399, 403 (5th Cir.1980). A bankruptcy court's conclusions of law are freely reviewable on appeal. *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 526, 81 S.Ct. 294, 297, 5 L.Ed.2d 268 (1961).

### B. Factual Background

This appeal results from appellee's attempt to discharge in bankruptcy a $7,500 judgment entered by the Missouri Circuit Court for the Twenty-Second Judicial District in St. Louis (Circuit Court) in favor of appellant and against appellee.

On December 27, 1978, appellant and appellee were divorced by decree of the Circuit Court. The decree provided that custody of the parties' minor child, Terri Lynn Adams, was granted to appellee. Appellant was granted reasonable visitation rights and temporary custody during specific times of the year and required to pay child support.

When appellee's actions interfered with appellant's visitation with his daughter, he filed a motion asking the Circuit Court to modify the decree. He alleged that appellee had wrongfully denied visitation and temporary custody of Terri Lynn.

On March 28, 1988, the Circuit Court entered an order finding that for a six month period, appellee had unilaterally and without just cause terminated appellant's temporary custody of and visitation with Terri Lynn. Record on Appeal at 7–8. He also found that in September 1986, appellee had relocated across the state to a rural area near Kansas City without informing appellant of her new address and for a time deliberately concealed the whereabouts of herself and the child. Id. at 8–9. After being located, appellee continued to frustrate visitation attempts. *Id.* at 9. The Circuit Court also found that appellee "harbors a deep and passionate hatred" of her former husband and "has met with considerable success in her attempts to alienate

the love and affection that Terri Lynn had previously shown her father." Id.

Based on these findings, the Circuit Court ordered that appellant have temporary primary physical custody of Terri Lynn so that she could reacquaint herself with her father. The Circuit Court also suspended appellant's child support payments during the time that he had primary custody of Terri Lynn. *Id.* at 12. In addition, on November 4, 1988, pursuant to § 452.400, Missouri Revised Statutes, the Circuit Court awarded appellant $7,500 in attorney's fees. *Id.* at 3–4.[1] Appellee then filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Missouri.

On March 26, 1990, appellant filed his Complaint to Determine Dischargeability of Debt, alleging the debt was non-dischargeable under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(6). *See id.* at 1. The bankruptcy court found the debt dischargeable after which appellant filed a Motion for New Trial, or, in the Alternative, to Amend Judgment, which the bankruptcy court denied. *See id.* at 16. Appellant then filed an appeal with this court. This court reversed and remanded the case to the bankruptcy court based on 11 U.S.C. § 523(a)(5). On April 30, 1992, the Eighth Circuit Court of Appeals reversed and remanded the case to this court for a decision on the 11 U.S.C. § 523(a)(6) issue.

C. *The Bankruptcy Court's Opinion*

On June 19, 1990, the bankruptcy court found that:

> Mr. Adams alleges that a debt owed to him by Ms. Zentz, the debtor herein, is nondischargeable under the Bankruptcy Code. The debt arose as the result of judgment rendered by the Missouri Circuit Court for the City of St. Louis. Mr. Adams brought suit against Ms. Zentz alleging denial of visitation rights and seeking temporary custody of their minor daughter. As a consequence of this successful effort, Mr. Adams was award-

ed the cost of his attorney's fees, namely Seven Thousand Five Hundred Dollars ($7,500.00). Mr. Adams claims that the debt created by this judgment is nondischargeable under either § 523(a)(5) or (a)(6). Close examination of those Code sections, and case law interpreting them, casts Mr. Adams' position in an unfavorable light....

> [T]his Court sees no reason to grant the plaintiff a new trial or to alter or amend its prior judgment. Consequently, plaintiff's [Adams'] Motion is hereby denied.

Record on Appeal at 17–18, 20.

In concluding that the judgment debt does not qualify as a non-dischargeable debt under § 523(a)(6), the bankruptcy court stated:

> Section 523(a)(6) requires that a debtor remain liable on a judgment based on a willful and malicious injury. While there is evidence in the record that Ms. Zentz intentionally deprived Mr. Adams of his visitation rights, the judgment below did not establish a debt for a willful injury. The State Court proceeding was an equitable action where Mr. Adams sought to enforce his visitation rights, not an action to recover damages for an injury. Though he may have been harmed by the deprivation of visitation rights, he did not prove such harm in State Court or in the current federal proceeding.

> The fact that the State Court awarded him his attorney's fees as the result of being the victor does not change the nature of the action from one in equity to one for damages. In and of itself, the award of attorney's fees, unconnected to an award for damages, is not the type of debt that is protected from discharge by § 523(a)(6).

Record on Appeal at 19–20.

D. *Discussion*

Appellant raises the issue of whether attorney's fees incurred by an ex-spouse in post-dissolution proceedings regarding visi-

---

**1.** It is this judgment debt for attorney's fees that appellant seeks to have declared non-discharge-

able under 11 U.S.C. § 523(a)(6).

tation and custody of a child is a non-dischargeable debt under 11 U.S.C. § 523(a)(6), which provides that a debt is non-dischargeable in bankruptcy if it is "for willful and malicious injury by the debtor" to a person or to property.

■ A willful and malicious injury to a person, though it involves no physical injury, may be excepted from discharge under § 523(a)(6). Collier on Bankruptcy (15th ed.) § 523.16[1] n. 12. "Willful" means deliberate or intentional. *In re Hartley*, 869 F.2d 394, 395 (8th Cir.1989). "It is the injury to the creditor which must have been intentional—not the action of the debtor which caused the injury." *Id.* "Malice" has been interpreted by the Eighth Circuit Court of Appeals to mean "intending or fully expecting to harm the economic interests of the creditor." *In re Long*, 774 F.2d 875, 882 (8th Cir.1985). The focus is on whether "the conduct is certain or almost certain to cause financial harm." *Id.* at 881.

■ The nature of the proceeding in which the debt is incurred is irrelevant, as is whether the monetary award is for damages, attorneys' fees, or costs. "The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt." *In re Miera*, 926 F.2d 741, 745 (8th Cir.1991). So long as the debt stemmed from the willful and malicious injury, it is non-dischargeable. *Id. See, e.g., In re Adams*, 761 F.2d 1422, 1427 (9th Cir.1985) (holding that the punitive portion of a debt resulting from a willful and malicious injury is non-dischargeable because "the exception to discharge turns upon the nature of the act which gave rise to the liability"); *In re Dean*, 79 B.R. 659 (Bankr.N.D.Tex.1987) (holding that compensatory and punitive damages which result from a willful and malicious injury are non-dischargeable under § 523(a)(6)).

In holding the debt dischargeable, the bankruptcy court appears to have focused on the nature of the proceeding, instead of the nature of the act. The bankruptcy court stated:

While there is evidence in the record that Ms. Zentz intentionally deprived Mr. Adams of his visitation rights, the judgment below did not establish a debt for a willful injury. The State Court proceeding was an equitable action where Mr. Adams sought to enforce his visitation rights, not an action to recover damages for an injury.

The fact that the State Court awarded him his attorney's fees as the result of being the victor does not change the nature of the action from one in equity to one for damages. In and of itself, the award of attorney's fees, unconnected to an award for damages, is not the type of debt that is protected from discharge by § 523(a)(6).

Record on Appeal at 19–20.

■ Whether the proceeding in which the award of attorneys' fees is made is one for damages is irrelevant (unless the bankruptcy court was using the nature of the proceeding as support for the conclusion that the conduct was not "certain or almost certain to cause financial harm"). On remand, the court must look to the actions of appellee in denying appellant custody and visitation to determine whether the actions were willful and malicious, in other words, whether the conduct was intentional and was certain or almost certain to cause financial harm.

On remand, the bankruptcy court must consider that injury within the meaning of § 523(a)(6) can consist solely of attorneys' fees. In *Hamanaka v. Hamanaka*, 53 B.R. 320 (Bankr.S.D.N.Y.1985), a father sought a declaration that attorney's fees and expenses associated with his efforts to regain custody of his children from the debtor, their mother, were non-dischargeable. The father argued that the debt owed him was non-dischargeable under § 523(a)(6) because the attorneys' fees and expenses were a result of the debtor's willful and malicious act of withholding the children in the face of court orders to the contrary. The court first held that the violation of custody rights cannot be construed as an injury to the property of another as contemplated under § 523(a)(6) be-

cause custody rights do not constitute property rights. However, the court went on to hold that the father's "attorneys' fees expended in regaining physical custody of his children constitutes injury, and neither the case law nor the statute precludes injury of a purely monetary nature." *Id.* at 323.

In *Cablevision Systems Corp v. Cohen,* 121 B.R. 267 (Bankr.E.D.N.Y.1990), the plaintiffs had obtained a judgment against the debtor prior to the debtor filing for bankruptcy. The judgment was for statutory damages, including attorneys' fees and costs, arising out of the debtor's distribution of equipment intended for unauthorized interception of cable television transmissions. After the debtor's declaration of bankruptcy, the plaintiffs sought a determination that the judgment, including the award of attorneys' fees and costs, was non-dischargeable as a willful and malicious injury pursuant to § 523(a)(6).

In support of his position that the debt was not for a willful and malicious injury, the debtor pointed out that the plaintiffs were only awarded statutory damages and not actual damages because the plaintiffs were unable to prove that the debtor sold the equipment to anyone other than undercover agents hired by the plaintiffs. Therefore, the debtor argued that the plaintiffs were unable to prove that his actions caused injury as required by § 523. In rejecting the debtors argument, the court stated:

> Plaintiffs were required to expend a substantial amount of time and money to stop the Debtor from continuing his illegal conduct which was certain to cause financial harm to Plaintiffs. Consequently, by virtue of the fact that Plaintiffs were forced to hire an investigative agency at substantial cost to stop the Debtor from continuing to cause Plaintiffs harm is in and of itself an injury.

*Id.* at 272.

In this case, the bankruptcy court should consider whether appellant has shown the injury element if he was required to expend money on attorneys' fees as a result of appellee's willful and malicious conduct.

Based on the foregoing, the bankruptcy court should reconsider whether the attorneys' fee award was a non-dischargeable debt under § 523(a)(6). Therefore, this case will be remanded for a determination of 1) whether appellee's conduct was willful and malicious; and, if so, 2) whether the attorney fee debt was a result of that willful and malicious conduct.

### E. *Conclusion*

Accordingly, it is ORDERED that this case is remanded to the bankruptcy court for reconsideration of its order dated June 19, 1990.