In re Arthur Joseph DEEREY, Debtor.

Direct TV Inc., a California Corporation, Plaintiff,

v.

Arthur Joseph Deerey, Jr., Defendant.

Bankruptcy No. 9:05–bk–06995–ALP.
Adversary No. 9:05–ap–00548–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Dec. 22, 2005.

Patricia J. Potter, Siesky, Pilon and Wood, Naples, FL, for Debtor.

**ORDER ON DIRECT TV, INC.'S MO-
TION FOR SUMMARY JUDGMENT
AS TO COUNT I OF ADVERSARY
COMPLAINT AND DEFENDANT'S
MOTION FOR SUMMARY JUDG-
MENT**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this Chapter 7 liquidation case are two Motions for Summary Judgment filed in the above-captioned Adversary Proceeding. The first is a Motion for Summary Judgment filed by Direct TV Inc. (Direct TV) (Doc. No. 20)(Direct TV's Motion). The Direct TV Motion is directed to Count I of a multiple count Complaint filed by Direct TV against Arthur Joseph Deerey, Jr. (the Debtor). Specifically, the Direct TV Motion is based on the contention of willful and malicious conduct on the part of the Debtor in a piracy suit, which was filed prior to the commencement of the Debtor's

bankruptcy. The suit was filed in the United States District Court, Central District of California (District Court). The style of the District Court case is: Case No. CV 02–5194 PA *DirecTV, Inc. v. Derek E. Trone d/b/a Whiteviper Technologies; Art Deerey; TDBAM, Inc. et al.* (California Litigation). The choses in action claimed by Direct TV in its Third Amended Complaint for Compensatory, Statutory and other Damages, and for Injunctive relief were for violations of: the Communications Act, 47 U.S.C. § 605(a) and § 605(e)(4); the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2) and (b)(1); Federal Wiretap Laws, 18 U.S.C. § 2511(1)(a) and § 2512(1)(b); violation of California Penal Code § 593(d) and (e); California Civil Code §§ 3426–3426.11; Unjust Enrichment; Tortious Interference with Contractual Relations; Tortious Interference with Prospective Contractual Relations; and Statutory and Common Law Unfair Competition (Third Amended Complaint).[1]

In the California Litigation, the District Court granted Direct TV's Motion for Partial Summary Judgment against the Debtor and others based on the Civil Minutes in which the District Court made certain findings.[2] According to Direct TV, the findings of the District Court in the Civil Minutes established all the operative elements of a viable claim under Section 523(a)(6) of the Bankruptcy Code. It should be noted however, that the non-dischargeability claim of Direct TV involves the $500,000,000.00 Consent Judgment entered on May 14, 2003 (Consent Judgment).[3] In addition to granting the Money Judgment to Direct TV, the District Court also granted a Permanent Injunction against the Debtor.

It is the position of Direct TV that based on the doctrine of collateral estoppel the Debtor is prohibited from re-litigating the issue of willful and malicious conduct because it was already litigated in the District Court. Direct TV further contends that, based on the findings of the District Court, it is entitled to a judgment in its favor, as a matter of law, determining that the Debtor's liability based on the Consent Judgment is a non-dischargeable obligation pursuant to Section 523(a)(6) of the Bankruptcy Code.

■ The second Motion for Summary Judgment was filed by the Debtor on November 7, 2005 (Doc. No. 23) (Debtor's Motion). The basis of the Debtor's Motion is the contention that Direct TV failed to state a claim in Count I for which relief can be granted. Of course, a contention that the pleading failed to state a claim for which relief could be granted is an appropriate basis for a motion to dismiss, but not for a motion for summary judgment. However, the Debtor also states that the Consent Judgment fails to indicate anything supporting the claim of non-dischargeability. The Debtor further contends that the findings in the Civil Minutes were merged and subsumed into the Consent Judgment, which covered all claims asserted by Direct TV; some of the claims represented non-dischargeable debts, and

---

1. Third Amended Complaint for Compensatory, Statutory and other damages, and for Injunctive Relief, No. SA CV 01–370 DOC (ANx).

2. Plaintiff's Exhibit "A", United States District Court Central District of California, Civil Minutes—General, Case No.: CV 02–05194 PA (RCx), February 10, 2003, Page 4 of 4.

3. Plaintiff's Exhibit "B", United States District Court of Central District of California, Case No.: CV 02–05194 PA (Rcx), Consent to Judgment and Permanent Injunction by Defendant Art J. Deerey and TDBAM, Ltd., Page 1.

some did not. Therefore, the Debtor contends that Direct TV is not entitled to summary judgment as a matter of law and he is entitled to a judgment as a matter of law in his favor.

Direct TV's Motion is supported by the following documents, which are attached to the Declaration of Michael Rosenberger, Counsel of record for Direct TV in the California litigation: Exhibit A, Civil Minutes entered on February 12, 2003; Exhibit B, Consent to Judgment and Permanent Injunction by Defendant Art J. Deerey and TDBAM, LTD., filed on May 15, 2003; Exhibit C, Judgment Re; Art Deerey and TDBAM, TLD, entered on June 2, 2003. Based on these documents and the controlling law, it is the contention of Direct TV that the Debtor is barred from re-litigating the issues, and therefore, Direct TV is entitled to Summary Judgment in its favor as a matter of law.

The doctrine of collateral estoppel or issue preclusion prevents and precludes a debtor from re-litigating issues determined in District Court litigation. To apply the Doctrine the record must establish the following:

(1) the issue in the prior litigation and the issue in the discharge proceeding must be identical.

(2) the bankruptcy issue must have been actually litigated in the prior proceeding.

(3) the prior determination must have been a critical and necessary part of the prior Judgment.

(4) the burden of proof in the discharge proceeding must not be significantly heavier then the burden of proof applied in the initial action.

*In re Bilzerian*, 153 F.3d 1278 (11th Cir. 1998). While the claim in the California Litigation was clearly not the claim asserted with this Court, the issues as distinguished by the claim could have been very well litigated in California.

In support of the proposition that the issue in the California Litigation was identical to the issue raised here, Direct TV points out that the Civil Minutes contained the specific findings of the District Court that the Debtor violated 47 U.S.C. § 605(e)(4) by manufacturing and selling signal theft devices. The District Court found that the Debtor knew or had reason to know that the devices it sold were "primarily of assistance" in unauthorized decryption of Direct TV's home satellite system.[4]

Direct TV cites the case of *In re Karpinsky*, 328 B.R. 516 (Bankr.E.D.Mich. 2005). In *Karpinsky*, the court found that the defendant sold equipment similar to the equipment that the Debtor sold in this case. The equipment sold by the defendant was used for unlawfully intercepting Direct TV's signals, which constituted larceny and willful and malicious injury.

Direct TV also cites the case of *In re Cohen*, 121 B.R. 267 (Bankr.E.D.N.Y. 1990). The facts in *Cohen*, which also involved an unlawful interception of cable signals, are almost identical to the facts involved in the matter under consideration. In *Cohen*, the Court was not only faced with the issue of dischargeability under Section 523(a)(6), but also whether the applicability of the doctrine of collateral estoppel applied in order to prevent the defendant from re-litigating the case. The court in *Cohen* applied the doctrine and based its conclusion on the record of the proceeding in the earlier litigation between the parties, which revealed that the defendant deliberately and intentionally sold de-

---

4. Plaintiff's Exhibit "A", United States District Court Central District of California, Civil Minutes—General, Case No.: CV 02–05194 PA (RCx), February 10, 2003, Page 3 of 4.

coders capable of descrambling cable television transmissions, that the decoders were sold to individuals who were not authorized to use them, that the defendant knew or should have know that the decoders were going to be used for that illegal purpose, and, that as a result, the cable provider suffered harm.

The difference, however, between *Cohen* and the matter under consideration is that apparently the judgment in *Cohen* left no doubt that it was based on the intentional deliverance and sale of decoders, which ultimately caused injury to the plaintiff. In the present matter the resolution of the litigation was by entry of the Consent Judgment in a suit in which there were multiple claims asserted in the Complaint, some of which would be sufficient to find the fact necessary to establish a viable claim under Section 523(a)(6) and some not.

■■ Direct TV points out, however, that the Civil Minutes entered by the District Court made specific findings of fact which were more than sufficient to establish a viable claim under Section 523(a)(6), therefore, it is entitled to a judgment in its favor as a mater of law based on the doctrine of collateral estoppel. This leads to the consideration, does the entry of the Civil Minutes of the District Court meet the third requirement of the doctrine of collateral estoppel, which is, that the prior determination was a critical and necessary part of the prior judgment? In answering this question one should consider first whether or not the entry of the Civil Minutes was a final determination and had the force of an appealable final judgment. The answer to this question is simple, it was not. The controlling document is the Consent Judgment, which terminated the resolution of all issues raised and litigated

in the suit brought by Direct TV. It needs no elaborate discussion to establish that the Consent Judgment did not resolve any specific issues and did not result in any specific claims asserted in the Complaint by Direct TV, but merely established the Debtor's liability to Direct TV. This being the case, it is clear that the Consent Judgment did not meet the third requirement for the application of the doctrine of collateral estoppel because the prior determination was not necessarily a critical or necessary part of the judgment by consent. The Consent Judgment could have been based on several claims asserted by Direct TV that would not have met the requirements for an exception to discharge under Section 523(a)(6).

The Debtor contends that the present claim of non-dischargeability is not based on the Civil Minutes, but instead is based on a judgment which contains no findings and which was entered into by consent. In sum, the Debtor contends that, based on the doctrine of merger, all findings in the Civil Minutes were merged into the Consent Judgment and the sole basis of the judgment was not the finding set forth in the Civil Minutes, but the consent of the Debtor to the entry of a judgment awarding damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i).

This Court has reviewed the Motions, together with the record, and has determined that on February 10, 2003, the District Court in its Civil Minutes found that "Direct TV met its burden by introducing admissible evidence that it is entitled to a judgment on its second cause of action as a matter of law."[5] However, as noted earlier, the Plaintiff in the California Litigation pled several allegations involving violations of some federal statutes, the California

---

5. Plaintiff's Exhibit "A", United States District Court Central District of California, Civil Minutes—General, Case No.: CV 02–05194 PA (RCx), February 10, 2003, Page 4 of 4.

Penal Code, the California Civil Code, and additionally some common law claims, such as, unjust enrichment, unfair competition and the like. The District Court, notwithstanding the findings as set forth in the Civil Minutes, entered an unspecific judgment based on the consent by the Debtor. Thus, it is impossible to tell what was the basis of the judgment, because the Consent Judgment, not the Civil Minutes, is the controlling document resolving the litigation with finality. This is so because the Civil Minutes does not have the force and effect of a final judgment and, therefore, cannot form the basis for the application of the doctrine of collateral estoppel.

Based on the foregoing, this Court is satisfied that the non-dischargeability claim asserted by Direct TV cannot be resolved as a matter of law based on the doctrine of collateral estoppel, and the issues raised by the pleadings must be resolved by the presentation of competent evidence. Considering the Debtor's Motion, this Court is equally satisfied that there is no legal basis to grant the Debtor's Motion because this Court has concluded that the Doctrine of Collateral Estoppel does not apply. Thus, both Motions should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Direct TV's Inc.'s Motion for Summary Judgment as to Count I of Adversary Complaint be, and the same is hereby, denied.

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial conference shall be held on _____, 2006, beginning at _____.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, to frame the issues for a final evidentiary hearing.

DONE AND ORDERED.